Tom H. DAVIS et ux., Petitioners,

v.

Robert M. HUEY et al., Respondents.

No. B–7182.

Supreme Court of Texas.

Oct. 4, 1978.

Rehearing Denied Nov. 1, 1978.

Graves, Dougherty, Hearon, Moody & Garwood, John T. Anderson and Robert J. Hearon, Jr., Byrd, Davis & Eisenberg, Tom H. Davis, Austin, for petitioners.

Eskew, Brady, Womack & Muir, Doren R. Eskew, David L. Tisinger, Austin, for respondents.

JOHNSON, Justice.

The primary issue presented by this case is the proper scope and standard of review by the court of civil appeals of a trial court's denial of a temporary injunction.

The respondents, Robert M. Huey and wife, Mary Paige Huey, filed suit to permanently enjoin the petitioners, Tom and Hattie Davis, from building upon their lot until their plans therefor had been approved by the developer. The Hueys further sought an immediate temporary restraining order and, after a hearing, a temporary injunction similarly restraining the Davises. After a hearing the trial court denied the temporary injunction and the Hueys appealed the denial of the temporary injunction. The court of civil appeals reversed the trial court judgment and rendered judgment that the cause be remanded to the district court, with instructions to enter judgment enjoining the Davises from continuing with construction until the plans had been approved by the developer. 556 S.W.2d 860. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Petitioners Tom and Hattie Davis purchased a lot in Northwest Hills, a subdivision of Austin, Texas, noted for its view of the surrounding hills. The Davis lot abuts on its west side a lot owned by respondents Robert and Mary Paige Huey. A house was already constructed on the Huey lot at the time of the Davis purchase. The Davis lot, as are all other lots in the subdivision, is subject to certain restrictive covenants in its deed, including restrictions 7 and 8, as follows:

"7. Set-Back, Front Line, Side Line and Rear Line

"No structure shall be located or erected on any lot nearer to the front plot line than twenty-five (25) feet, nor nearer than five (5) feet to any side plot line except that the total combined setback from both sides shall in no event be less

than fifteen (15) feet, nor nearer than fifteen (15) feet to the rear plot line.

"8. Architectural Control and Building Plans

"For the purpose of insuring the development of the subdivision as a residential area of high standards, the Developers . . . reserve the right to regulate and control the buildings or structures or other improvements placed on each lot. No building, wall or other structure shall be placed upon such lot until the plan therefor and the plot plan have been approved in writing by the Developers. Refusal of approval of plans and specifications by the Developers . . . may be based on any ground, including purely aesthetic grounds, which in the sole and uncontrolled discretion of the Developers . . . shall seem sufficient. No alterations in the exterior appearance of any building or structure shall be made without like approval. . . . "[1]

The Davises proposed to build a house on their lot to be situated twenty-five feet from the rear plot line. This placement of the house on the lot will clearly comply with restriction 7. However, the developer, respondent Austin Corporation, acting through respondent David Barrow, refused to approve the Davises' plans because the proposed placement of the house on the lot would bar the side view from the Hueys' existing house. In its refusal of the plans the developer purports to exercise its general authority under restriction 8 to refuse approval of a plan "on any ground, including purely aesthetic grounds, which in the sole and uncontrolled discretion" of the developer shall seem sufficient.

The Hueys filed the instant lawsuit to permanently enjoin the Davises from building any structure upon their lot until the plans therefor had been approved in writing by the developer. The Hueys' petition included a prayer that an immediate temporary restraining order be granted and that after a hearing a temporary injunction be

entered, both similarly restraining the Davises. The trial court granted an immediate and *ex parte* temporary restraining order. After a hearing the trial court entered an order dissolving the temporary restraining order and denying the temporary injunction. No findings of fact or conclusions of law were requested or filed.

The Hueys appealed the denial of the temporary injunction. The court of civil appeals reversed the trial court judgment and rendered judgment "that the cause be remanded to the district court, with instructions to enter judgment enjoining Appellees Davis and wife from continuing with construction until the house and plot plans have been approved by the developer." In reaching this result the court of civil appeals opinion concluded that the covenants in question were valid. The opinion discussed at length the authorities in Texas and other jurisdictions which uphold restrictive covenants implementing a general scheme of development for the common benefit of all lot owners by providing for approval of building plans by the developer. The court of civil appeals further examined the issue of the standard governing the developer's conduct in exercising its plan approval authority and concluded that the developer's conduct is improper only if it is arbitrary or in bad faith.

### THE TEMPORARY INJUNCTION REVIEW

The Davises contend that the court of civil appeals far exceeded the proper scope of appellate review of a temporary injunction and improperly granted premature review of the entire case on its merits. We must agree. The appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order, which is expressly authorized by Article 4662, Texas Revised Civil Statutes Annotated. Accordingly, the merits of the underlying case are not presented for appellate review. Appellate review of an order

---

1. Restriction 8 in its entirety provides for approval by the developer or by an architectural committee. References to the architectural committee are deleted as no committee had been formed at the time in question.

granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526 (Tex.1975); *City of Spring Valley v. Southwestern Bell Tel. Co.*, 484 S.W.2d 579 (Tex. 1972); *State v. Cook United, Inc.*, 469 S.W.2d 709 (Tex.1971); *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952).

The court of civil appeals opinion contains no indication that it confined its appellate consideration to review for abuse of discretion. To the contrary, it appears that the court of civil appeals gave full consideration to the merits of the underlying lawsuit. The opinion itself characterizes the case as an appeal from an order denying an injunction. The opinion makes no reference to the interlocutory nature of the injunction or to the abuse of discretion standard. Further, the order which the court of civil appeals directed the trial court to enter upon remand fully grants the relief sought by the Hueys in their lawsuit: injunction of the construction until the Davises' plans are approved by the developer.

The Hueys argue that the court of civil appeals opinion was clearly limited to review of the temporary injunction because that was the only issue raised before that court. However, a reading of the court of civil appeals opinion and order will not support this contention. The effect of premature review of the merits accomplished by the court of civil appeals here is to deny the Davises their right to trial by jury. This court will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits. *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217 (1956); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

At a hearing upon the request for a temporary injunction the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, supra. On appeal the reviewing court is limited in its consideration as to whether the trial court abused its discretion in making the foregoing determination. The appellate court may not substitute its judgment for that of the trial court. *Texas Foundries v. International Moulders & F. Wkrs., supra.* An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence. *Zmotony v. Phillips*, 529 S.W.2d 760 (Tex.1975). Here, as no findings of fact or conclusions of law were filed,[2] the trial court judgment must be upheld on any legal theory supported by the record. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968).

The Davises assert that there are at least three legal theories which will support the trial court's implied holding that the Hueys showed no probable right to recover. First, the trial court might have concluded that the developer had no power to modify the fifteen-foot setback requirement of deed restriction 7 under the holding of *Johnson v. Dick*, 281 S.W.2d 171 (Tex.Civ. App.—San Antonio 1955, no writ). Second, the trial court could have found as a fact that the developer's action in refusing approval was not reasonable under the circumstances. Third, the trial court could have found as fact that "views" were not a part of the general scheme of development of the subdivision and not a proper basis for the exercise of the developer's authority under restriction 8.

The Davises further contend that there are under the evidence at least three theories upon which the trial court could have concluded that the Hueys failed to show irreparable injury. First, there was testi-

---

**2.** A letter from Judge Jones to the attorneys in the case setting forth a basis for his judgment has been submitted as an attachment to the parties' briefs. The letter, however, is not properly made a part of the appellate record and it will not be considered as findings of fact or conclusions of law.

mony by Mr. Huey that the reduced value of his property could be compensated by money damages. Second, there was testimony that the Hueys could extend their deck ten feet to preserve their view. Third, because the construction of the Davis house was in such early stages, the Hueys would suffer little injury in the time period between the temporary injunction hearing and the final hearing on the merits. Without intruding upon the merits of the underlying cause of action, it may be concluded that at least some basis exists upon which the trial court could have properly held that the Hueys were not entitled to a temporary injunction pending the final hearing. Accordingly, we hold that the trial court did not abuse its discretion in denying the temporary injunction.

## THE BOND QUESTION

In addition to ordering the case remanded to the trial court with instructions to issue an injunction against construction until the plans were approved, on October 5, 1977 the court of civil appeals also entered its own injunction pendente lite for the stated purpose of protecting its jurisdiction, ordering the Davises to cease all construction work on the dwelling and not to resume work so long as the cause remained within its jurisdiction. 556 S.W.2d 860 at 865. This injunction pendente lite was not conditioned upon the posting of a bond by the Hueys to protect the Davises against loss for delay of construction should the Davises eventually prevail. On October 6, 1977 the Davises filed a "Motion to Set Aside Order or, in the Alternative, to Set Bond" wherein the Davises complained of the court of civil appeals' failure to set bond on its own injunction. The motion was overruled on the day it was filed.

The Davises maintain that the court of civil appeals' failure to condition its injunction pendente lite upon a bond is error. In support of this argument the Davises rely upon the recent decisions of two courts of civil appeals requiring a bond upon the issuance of injunctions to preserve their jurisdiction. *Riverdrive Mall, Inc. v. Larwin*

*Mortgage Investors*, 515 S.W.2d 2 (Tex.Civ. App.—San Antonio 1974, writ ref'd n. r. e.); *Pendleton Green Associates v. Anchor Savings Bank*, 520 S.W.2d 579 (Tex.Civ.App.— Corpus Christi 1975, no writ).

The Davises also concede that the issue may be moot. The jurisdiction of the court of civil appeals terminated and the supreme court acquired exclusive jurisdiction of the case when the application for writ of error was filed. *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex.1964); *Johnson v. Sovereign Camp, W. O. W.*, 125 Tex. 329, 83 S.W.2d 605 (1935). Therefore, by its terms the order of the court of civil appeals has expired. Petitioners and all respondents agree that the issue is rendered moot by the expiration of the injunction pendente lite. It would appear that this court can grant no relief from an injunction pendente lite which is no longer in existence. Therefore, we decline to comment upon the necessity of a bond in an injunction pendente lite issued by a court of civil appeals to protect its jurisdiction.

## THE MOTION TO DISMISS

The Hueys have also filed in this court a motion to dismiss for want of jurisdiction the Davises' application for writ of error on the grounds that it was not timely filed. An application for writ of error must be filed with the clerk of the court of civil appeals within thirty days after the overruling of the motion for rehearing in the court of civil appeals. Tex.R.Civ.P. 468. The Davis application was filed with the clerk of the court of civil appeals on November 14, 1977. The Hueys argue that the Davises' "Motion to Set Aside Order or, in the Alternative, to Set Bond," filed and overruled on October 6, 1977, must be considered to operate as the Davises' only motion for rehearing in the court of civil appeals. If the Hueys were correct in this assertion, the thirty-day time period expired on November 5, 1977, which was a Saturday, and the application was due to be filed by the following Monday, November 7, 1977. Tex.R.Civ.P. 4. However, the Davises also timely filed a motion for rehearing

in the court of civil appeals on October 20, 1977. The motion for rehearing was overruled November 2, 1977. It is clear from a reading of the Davises' October 6 motion that its major thrust was to seek the setting of a bond in connection with the court of civil appeals injunction pendente lite. The October 6 motion will not be considered a motion for rehearing, nor will its filing preclude the Davises' filing of a timely motion for rehearing on October 20. Therefore, the Davis application for writ of error filed on November 14, 1977 was timely filed and the jurisdiction of this court properly invoked.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.