**600**

Frances A. BARKOUSKIE, Appellant,

v.

Dorothy Ferguson LAHRMANN et al., Appellees.

No. 5931.

Court of Civil Appeals of Texas, Waco.

Nov. 2, 1978.

Rehearing Denied Nov. 30, 1978.

Roy Simmons, III, Simmons & Simmons, Mexia, for appellant.

Holloway J. Martin, Holloway Martin, P. C., Mexia, for appellees.

HALL, Justice.

Plaintiff-appellant Mrs. Frances A. Barkouskie filed this suit on March 30, 1978, in the District Court of Freestone County against defendants-appellees Dorothy Ferguson Lahrmann, Bernadette Stone, Louise Horn, and Marion Barkouskie, seeking *inter alia* to set aside an alleged order of the County Court of Limestone County, dated August 11, 1975, appointing defendants Dorothy Ferguson Lahrmann and Bernadette Stone, joint guardians of both plaintiff's person and plaintiff's estate. Plaintiff alleged that the order appointing joint guardians was void because it violated V.A. T.S. Probate Code, § 116, which provides (with exceptions not applicable here) that, "only one person can be appointed as guardian of the person or estate." Plaintiff also pleaded for a temporary restraining order and a temporary injunction pending trial to prevent defendants Lahrmann and Stone from interfering with her person or estate "or in any way performing so-called guardianship duties affecting the Plaintiff."

The court issued the restraining order on plaintiff's pleadings until her plea for a temporary injunction pending trial could be heard. After a hearing on April 12, 1978, plaintiff's plea for the temporary injunction was denied. Plaintiff brought this appeal. We affirm the court's ruling.

Defendants Lahrmann and Stone are plaintiff's daughters. Plaintiff's plea for the temporary injunction was based upon assertions that those defendants were purporting to act as her guardian under an allegedly void order of appointment. Although plaintiff pleaded the order of appointment about which she complained and attached a copy of it to her petition, the order was not proved up at the hearing for the temporary injunction, and it is not a part of the statement of facts before us. Under those circumstances we cannot hold the court abused its discretion in denying

the temporary injunction. See, *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978).

The judgment is affirmed.