**RAILROAD COMMISSION OF TEXAS, Appellant,**

v.

**CONCERNED CITIZENS TO PROTECT THE EDWARDS AQUIFER, Appellees.**

**No. 14674.**

Court of Appeals of Texas, Austin.

Dec. 9, 1987.

Rehearing Denied Jan. 6, 1988.

Jim Mattox, Atty. Gen., Joe Foy, Jr., Asst. Atty. Gen., Austin, for appellant.

Thomas P. Groce, Blazier, Rutland & Lerner, Austin, for Concerned Citizens to Protect the Edwards Aquifer.

Ken Oden, Co. Atty., James W. Collins, Asst. Co. Atty., Austin, for Travis County, Texas and Hays County, Texas.

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Dale V. Matthews, McCamish, Ingram, Martin & Brown, Austin, for M.G. Michaelis, III.

Before GAMMAGE, ABOUSSIE and SMITH,* JJ.

GAMMAGE, Justice.

This is an appeal from a district court order temporarily enjoining the Texas Railroad Commission ("Commission") from considering the application of All American Pipeline Company ("All American") for a permit to build an oil pipeline from McCamey, Texas to Webster, Texas. The district court held the Commission must adopt rules to protect surface and subsurface water from pipeline pollution under the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 5 (Supp.1987) ("APTRA"), before the Commission may consider the permit application in a "contested-case" format pursuant to § 13 of APTRA. We conclude the Commission was within its discretion to proceed in the "contested-case" format without first adopting such rules. We reverse the order of the district court and dissolve the injunction.

On November 26, 1985, the Commission issued an amended notice of hearing in its Oil and Gas Docket No. 1–86,589 to consider the application of All American for a permit to build the crude oil pipeline in question. The notice stated the Commission would conduct a hearing on All American's permit application pursuant to the authority of Title 3, Oil and Gas, Subtitles A, B and D, Texas Natural Resources Code, Chapter 26 of the Texas Water Code, Statewide Rule 70 (16 T.A.C. § 3.65), and the Commission's "statutory duty to prevent waste and promote conservation of oil and gas, insure safety and prevent pollution of both surface and subsurface waters."

The Concerned Citizens to Protect the Edwards Aquifer and others ("Concerned Citizens") filed complaints urging the Com-

Tex.Gov't.Code § 73.012 (Supp.1987).

mission to delay the hearing until a formal rulemaking under APTRA § 5 could be conducted to adopt rules to protect the surface and subsurface waters of Texas from pipeline pollution. On December 10, 1985, the Commission's hearing examiner denied Concerned Citizens' request and set January 14, 1986 for resumption of the contested-case hearing on All American's permit application.

On December 18, 1985, Concerned Citizens filed suit in district court to enjoin the Commission from proceeding with its hearing. After notice and hearing, the district court, on February 21, 1986, temporarily enjoined the Commission from proceeding with the permit hearing until new rules were adopted under APTRA § 5 to protect the surface and subsurface waters of Texas from pipeline pollution. Our review of this interlocutory order is limited to determining whether the district court abused its discretion in granting the temporary injunction. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); Shannon, Herring and Dow, *Temporary Restraining Orders and Temporary Injunctions in Texas—A Ten Year Survey, 1975–1985*, 17 St. Mary's L.J. 689, 746–47 (1986).

■■■ "Unless mandated by statute, the choice by an agency to proceed by general rule or by *ad hoc* adjudication is one that lies primarily in the informed discretion of the agency." *State Board of Insurance v. Deffebach*, 631 S.W.2d 794, 799 (Tex.App. 1982, writ ref'd n.r.e.) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)); *see also Madden v. Texas Board of Chiropractic Examiners*, 663 S.W.2d 622, 626 (Tex.App.1984, writ ref'd n.r.e.) (where at n. 2, extensive discussion of the policy underlying this proposition of law may be found). We must therefore look to statutory authority to determine if the legislature has mandated a particular course of action for the Commission. The pertinent statutory authority reads as follows:

> To prevent pollution of surface water or subsurface water in the state, the commission *shall* adopt and enforce rules

and orders and may issue permits relating to:
> ... (2)(F) activities associated with the ... transportation ... of oil ... prior to the refining of such oil....

Tex.Nat.Res.Code Ann. § 91.101(2)(F) (Supp.1987) (emphasis added). Appellees contend that the use of the word "shall" in this statute is intended as a mandate that the Commission adopt rules. We agree the Commission must adopt rules, but the language of the statute does not mandate the Commission to adopt rules *before* considering All American's permit application.

The pertinent part of § 91.101 cited above was added to the statute by Tex.H.B. 1867, 69th Leg. (1985). The stated purpose of H.B. 1867 was to clarify the Commission's jurisdiction over waste associated with oil and gas activities and to grant the Commission rulemaking authority to protect Texas waters from pollution associated with oil and gas activities. House Comm. on Energy, Bill Analysis, Tex.H.B. 1867, 69th Leg. (1985). Nowhere do we find a legislative intent to prescribe the rulemaking format or to limit the Commission's discretion to proceed without first conducting a formal rulemaking.

Because the Commission was within its discretion, the district court was without authority to enjoin the Commission from hearing the application. The order of the district court is reversed and the injunction is dissolved.