**Anwar HAQ and Cal–Nex Food, Inc., Appellants,**

**v.**

**AMERICA'S FAVORITE CHICKEN COMPANY, Appellee.**

No. 13–95–460–CV.

Court of Appeals of Texas, Corpus Christi.

March 5, 1996.

Rehearing Overruled March 28, 1996.

John Griffin, Jr., Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, for appellants.

Richard D. Cullen, Cullen, Carsner, Seerden & Cullen, Victoria, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIQUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an interlocutory appeal from the trial court's denial of a temporary injunction. Appellants, Anwar Haq and Cal–Nex Food, Inc., sought the injunction to prevent appellee, America's Favorite Chicken Company (Church's), from enforcing its remedies under a termination provision in a franchise agreement between the parties. After granting appellants a temporary restraining order, the trial court held a hearing and denied the temporary injunction. By two points of error, appellants contend that the trial court erred in denying the temporary injunction. We affirm.

In February 1992, the parties entered into a twenty-year franchise agreement for the operation of a Church's Fried Chicken restaurant in Cuero, Texas. A default clause in the agreement provides that Church's may terminate the agreement upon Haq's default by giving a thirty-day written notice, and only then if Haq does not cure the default within the thirty days. The notice is to be delivered personally, by registered mail, or by other means that will provide evidence of the date received, to the most current principal business address that Haq provides to Church's.

Appellants defaulted on the franchise agreement. According to Church's, notice of default was sent by certified mail to the Cuero restaurant on July 14, 1995. A post-termination notice was also sent to the same address by certified mail, dated September 11, 1995.

Haq testified that he gave Church's a West Covina, California address in accordance with the franchise agreement. Appellants contend that Haq did not receive either of these notices at the West Covina, California ad-

dress. Therefore, they argue, Haq did not have actual or constructive notice of the default.

Appellants contend that they first learned of Church's attempts to terminate the agreement in September 1995, when one of their suppliers informed them that Church's had ordered that no further deliveries be made to the Cuero restaurant. Appellants then promptly offered to cure any default. Church's refused this offer and began post-termination procedures under the terms of the franchise agreement. According to these procedures, appellants were to cease operating the Cuero restaurant under the name of Church's Fried Chicken, to refrain from using any proprietary materials, to immediately de-image the premises, and to surrender all materials related to the operation of the franchise. Church's also sought to accelerate the remaining seventeen years of rent. Appellants brought an action against Church's seeking 1) a permanent injunction prohibiting Church's from interfering with the franchise agreement, 2) a declaratory judgment that appellants are not in default on the agreement, and 3) money damages for breach of contract. The trial court granted a temporary restraining order but denied appellants' request for a temporary injunction.

Appellants did not request findings of fact and conclusions of law. No findings of fact or conclusions of law were filed by the trial court. When an appellant does not request findings of fact and the trial court files none, we infer that the trial court made all the necessary findings of fact to support its judgment. *Thompson v. Thompson,* 827 S.W.2d 563, 567 (Tex.App.—Corpus Christi 1992, writ denied); *Saldaña v. Saldaña,* 791 S.W.2d 316, 319 (Tex.App.—Corpus Christi 1990, no writ).

By their first point of error, appellants contend that the trial court erred in denying a temporary injunction. By their second point of error, appellants contend that the trial court erred in denying a temporary injunction because the evidence established that they had 1) a probable right to recovery, 2) imminent, irreparable harm in the interim, and 3) no adequate remedy at law.

For a temporary injunction to be issued, a party must plead and prove a probable injury if temporary equitable relief is denied, and a probable right to recovery; the party need not establish final success in the litigation. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968); *Crossland Sav. Bank FSB v. Constant,* 737 S.W.2d 19, 20 (Tex.App.—Corpus Christi 1987, no writ). An applicant for a temporary injunction must prove the following four grounds for relief:

1) the existence of unlawful conduct;
2) imminent harm;
3) irreparable injury; and
4) no adequate remedy at law for damages that may result pending the outcome of litigation.

*Morris v. Collins,* 881 S.W.2d 138, 140 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Brazoria County Appraisal Dist. v. Notlef, Inc.,* 721 S.W.2d 391, 392 (Tex.App.—Corpus Christi 1986, no writ); *Frey v. DeCordova Bend Estates Owners Ass'n,* 632 S.W.2d 877, 881 (Tex.App.—Fort Worth 1982), *aff'd.,* 647 S.W.2d 246 (Tex.1983). The showing of irreparable harm requires proof that the injury is of such a nature that the injured party cannot be adequately compensated for it in damages. *Canteen Corp. v. Republic of Tex. Prop., Inc.,* 773 S.W.2d 398, 401 (Tex.App.— Dallas 1989, no writ); *Notlef,* 721 S.W.2d at 392. An applicant for temporary injunction may prove irreparable harm by showing that damages cannot be measured by any certain pecuniary standard. *Canteen Corp.,* 773 S.W.2d at 401; *Minexa Ariz., Inc. v. Staubach,* 667 S.W.2d 563, 567 (Tex.App.—Dallas 1984, no writ). For purposes of injunctive relief, no adequate remedy at law exists if damages are incapable of calculation or if the defendant is incapable of responding in damages. *Notlef,* 721 S.W.2d at 392–93; *Ballenger v. Ballenger,* 694 S.W.2d 72, 76 (Tex. App.—Corpus Christi 1985, no writ). At a hearing for a temporary injunction, the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978).

Appellate review of an order granting or denying a temporary injunction

is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Id.* On appeal, the appellate court is not to substitute its judgment for that of the trial court, but must determine whether the trial court's action was so arbitrary as to exceed the bounds of reasonable discretion. *Landry v. Travelers Ins. Co.,* 458 S.W.2d 649, 651 (Tex. 1970). An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence. *Davis,* 571 S.W.2d at 862.

Church's contends that, in the event appellants should prevail in this suit, it can make appellants whole for any amount of damages they might suffer. Appellants presented no evidence that Church's could not make appellants whole for such damages.

 Appellants contend that they seek to maintain the status quo of the Cuero restaurant pending the outcome of a trial on the merits of their case. They argue that if the business is forced to close for a period of weeks or months, they will suffer lost profits, they will lose customers, and it will take several years to reestablish the business at its present operating capacity. They also contend that a temporary injunction is proper because whatever damages they incur while awaiting trial on the merits are incapable of calculation.

Although appellants claim that their damages are not capable of calculation, they do not contend that their breach of contract claim will not provide them with an adequate remedy at law. After reviewing the record, we conclude that appellants did not prove that any damages they may suffer during the pendency of this suit are different from any damages they may recover for their breach of contract claim.

We hold that the trial court did not abuse its discretion in denying appellants' application for a temporary injunction because appellants failed to prove 1) that they did not have an adequate remedy at law and 2) that irreparable harm existed. Accordingly, we overrule appellants' two points of error.

We affirm the trial court's order denying appellants' application for a temporary injunction.