V01116.aa1; Kaplan v. Tiffany Dev. Corp.



NUMBER 13-01-116-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

MARVIN KAPLAN, Appellant,


v.


TIFFANY DEVELOPMENT CORPORATION AND LEONARD GARNER, Appellees.

____________________________________________________________________


On appeal from the 275th District Court of Hidalgo County, Texas.

____________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa


This is an interlocutory appeal from the trial court's order granting a temporary injunction and voiding a foreclosure sale. In
two issues, appellant, Marvin Kaplan, , contends the trial court erred in granting the application for temporary injunction of
appellees, Tiffany Development Corporation and Leonard Garner, and in voiding the foreclosure sale. We affirm.

A. Background and Procedural History

In 1988, Tiffany Development Corporation ("Tiffany") purchased an unimproved 2.27 acre tract of land in south McAllen
for $784,080 ("the property"). In 1997, Tiffany and its sole shareholder/director, Leonard Garner ("Garner"), borrowed
$220,000 from Marvin Kaplan ("Kaplan"). The promissory note signed by appellees had an interest rate of fifteen percent,
required all interest to be paid monthly, and had a maturity date of August 1, 1998. The note contained the following usury
savings clause:

Interest on the debt evidenced by this Note shall not exceed the maximum amount of nonusurious interest that may be
contracted for, taken, reserved, charged, or received under the law; any interest in excess of that maximum amount shall be
credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted
prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid,
credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other
provisions in this and all other instruments concerning the debt.

The note was secured by a deed of trust on the property. 

As part of the loan transaction, Garner, "Individually and as Sole Shareholder and Director of Tiffany," conveyed to 214
Main Street Corp. (1) ("214 Main Street"), by special warranty deed, an undivided one-twentieth (five percent) interest in the
property:

Grantor . . . does hereby grant, sell, and convey to Grantee an undivided one-twentieth (1/20th) interest in and to the
Property . . . provided, however, Grantor and Grantee acknowledge and agree that this grant, sale, and conveyance is only
of an undivided one-twentieth (1/20th) in and to the undeveloped, unimproved real property . . . and does not attach or
propose to grant, sell, or convey any interest whatsoever to any current or future improvements to, or development of, the Property.


Tiffany and Garner also entered into a separate redemption agreement with 214 Main Street under which Tiffany and/or
Garner could buy back 214 Main Street's five percent interest in the property at any time prior to August 1, 1998 for 

a sum equal to 5% of the net cash proceeds of the sale of the Property . . . and also 5% of any equity or participation that
Tiffany and/or Garner may obtain upon the sale, lease, joint venture, partnership, or other development of the Property. . . .
This Agreement shall be made and construed in accordance with the laws of the State of Florida.

On December 15, 1998, after the redemption agreement had expired, the note was modified. The modification extended
the note's maturity date to June 30, 1999, and increased the principal amount to $300,000; monthly interest payments were
still required. The modification and extension agreement states that it is to be governed and construed in accordance with
the laws of the state of Texas. 

Alleging that Tiffany had defaulted on its repayment obligations under the modified note, Kaplan accelerated the note and
commenced foreclosure proceedings. On October 13, 2000, Garner received notice that Kaplan would be conducting a
foreclosure sale of the property on November 7, 2000. On November 6, 2000, Tiffany and Garner filed suit in the District
Court of Hidalgo County against Kaplan, Adolfo Campero, Jr. ("Campero") and Ricardo Palacios ("Palacios"), (2) seeking to
enjoin the foreclosure sale. On November 6, the trial court signed an ex parte temporary restraining order, enjoining
appellant from conducting the foreclosure sale scheduled for November 7. In their "First Amended Petition and
Application for Injunctive Relief," appellees asserted that appellant had (1) charged a usurious interest rate and (2) failed to
credit appellees with certain offset amounts. Appellees asked for temporary injunctive relief, an award of the offsets,
monetary damages pursuant to the finance code, attorney's fees, and costs. Appellant filed a plea in abatement, a general
denial, and a response.

After several continuances, the trial court heard appellees' request for injunctive relief on December 14, 2000. On
Thursday, December 28, 2000, the trial court signed an order granting appellees' application for temporary injunction and
enjoining appellant from conducting the foreclosure sale of the property until further orders of the court. The order
required appellees to post a $30,000 bond with the clerk of the court before the writ of injunction would be issued.
Apparently, the parties were not notified of the court's order until Friday, December 29, 2000. The courthouse was closed
on Monday, January 1, 2001. Because appellees had not yet posted the required bond with the clerk of the court and
obtained the writ of temporary injunction, appellant proceeded to conduct the foreclosure sale on Tuesday, January 2, 2001,
as planned. Kaplan purchased the property for a bid of $394,000.

On January 5, 2001, appellees filed their "Motion to Void Foreclosure Sale and [for] Issuance of Writ of Temporary
Injunction." On January 12, 2001, the trial court issued an order (1) voiding the foreclosure sale, (2) granting a temporary
injunction, and (3) ordering that a writ of temporary injunction be issued. This appeal ensued.

B. Order Voiding Foreclosure Sale

In their second issue, appellant asserts the trial court erred in voiding the foreclosure sale because appellees had not posted
the required bond and a writ of temporary injunction had not been issued prior to the foreclosure sale. 

Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment. Jack B. Anglin Co.
v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). Appellate courts have jurisdiction to consider immediate appeals of
interlocutory orders only if a statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352-53
(Tex. 1998); New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); see also Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(Vernon Supp. 2001) (statutory list of appealable interlocutory orders). A party may appeal from
an interlocutory order that grants a temporary injunction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (Vernon Supp.
2001). However, an appeal of a temporary injunction is not a vehicle which vests the appellate court with jurisdiction to
address interlocutory matters outside the scope of section 51.014. Letson v. Barnes, 979 S.W.2d 414, 417 (Tex.
App.-Amarillo 1998, pet. denied); City of Arlington v. Tex. Elec. Serv. Co., 540 S.W.2d 580, 582 (Tex. Civ. App.-Fort
Worth 1976, writ ref'd n.r.e.); see also Hastings Oil Co. v. Tex. Co., 149 Tex. 416, 234 S.W.2d 389, 398 (Tex. 1950). For
purposes of appeal, the classification of an order as a temporary injunction is controlled by the character and function of
that order, not by its form. Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808, 809-10 (Tex. 1992). 

There is no statute authorizing appellate jurisdiction over an interlocutory order voiding a foreclosure sale, nor can such an
order be considered final. A final judgment is one which disposes of all legal issues between all parties. Jack B. Anglin
Co., 842 S.W.2d at 272; Nat'l W. Life Ins. Co. v. Walters, 663 S.W.2d 125, 125 (Tex. App.-Austin 1983, no writ). An
interlocutory order leaves something further to be determined. Bobbitt v. Cantu, 992 S.W.2d 709, 711 (Tex. App.-Austin
1999, no pet.); Taliaferro v. Tex. Commerce Bank, 660 S.W.2d 151, 152 (Tex. App.-Fort Worth 1983, no writ) (citing
Kinney v. Tri-State Tel. Co., 222 S.W. 227, 230 (Tex. Comm'n App. 1920, judgm't adopted)) .

The main issues of appellees' lawsuit - whether appellant can legally foreclose on the property in question and whether the
note is usurious, entitling appellees to an offset of statutory penalties - have not been tried. Therefore, the order voiding the
foreclosure sale is interlocutory, and the portion of the order voiding the foreclosure sale is not a final and appealable order.

When a party appeals from two interlocutory orders, only one of which is made appealable by statute, the proper course is
to dismiss that portion which is non-appealable, and to rule on the portion from which an appeal may be taken. Bobbitt,
992 S.W.2d at 712; Elm Creek Villas Homeowner Ass'n v. Beldon Roofing, 940 S.W.2d 150, 154 (Tex. App.-San Antonio
1996, no writ); Markel v. World Flight, Inc., 938 S.W.2d 74, 78 (Tex. App.-San Antonio 1996, no writ); Eichelberger v.
Hayton, 814 S.W.2d 179, 182 (Tex. App.-Houston [1st Dist.] 1991, writ denied).

Because the order voiding the foreclosure sale is interlocutory and not a final and appealable order, we hold we do not have
jurisdiction to address appellant's second issue. However, because we have jurisdiction to review an interlocutory order
that grants a temporary injunction, we will address appellant's first issue.

C. Temporary Injunction


In their first issue, appellant contends the trial court erred in granting a temporary injunction because appellees did not
show that they would probably prevail at trial. 

Generally, a temporary injunction is an extraordinary remedy and does not issue as a matter of right. Walling v. Metcalfe,
863 S.W.2d 56, 57 (Tex. 1993) (citing Brotherhood of Locomotive Eng'rs v. Missouri-Kansas-Texas Ry. Co., 363 U.S. 528,
531-32 (1960)). The purpose of a temporary injunction is to preserve the status quo of matters that are the subject of
pending litigation until a decision on the merits is reached. Walling, 863 S.W.2d at 57; Electronic Data Sys. Corp. v.
Powell, 508 S.W.2d 137, 139 (Tex. App.-Dallas 1974, no writ). At a hearing on an application for a temporary injunction,
the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject
matter of the suit pending trial on the merits; the hearing is not a full trial on the merits of the applicant's cause of action.
See Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); Transport Co. v. Robertson Transps., Inc., 261 S.W.2d 549, 552
(Tex. 1953); Haq v. America's Favorite Chicken Co., 921 S.W.2d 728, 730 (Tex. App.-Corpus Christi 1996, writ dism'd
w.o.j.). 

To obtain a temporary injunction, the applicant must plead and prove three elements: (1) a cause of action against the
defendant, (2) a probable right to the relief sought, and (3) a probable, imminent and irreparable injury in the interim.
Walling, 863 S.W.2d at 57; Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968); Garcia-Marroquin v. Nueces
County Bail Bond Bd., 1 S.W.3d 366, 375 (Tex. App.-Corpus Christi 1999, no pet.); Haq, 921 S.W.2d at 730. In the
instant case, appellants challenge only the second element - the requirement that the applicants show they have a probable
right to the relief they seek.

An applicant for temporary injunctive relief need not establish final success in the litigation. Sun Oil, 424 S.W.2d at
218;Transport Co., 261 S.W.2d at 552; Center for Econ. Justice v. Amer. Ins. Ass'n, 39 S.W.3d 337, 343 (Tex. App.-Austin
2001, no pet. h.); Haq, 921 S.W.2d at 730. The applicant's burden is to establish a probable right of recovery following a
trial on the merits and a probable injury in the interim, warranting preservation of the status quo pending the trial. Hill v.
Mobile Auto Trim, Inc., 725 S.W.2d 168, 172 (Tex. 1987); Walling, 863 S.W.2d at 57; Universal Health Servs., Inc. v.
Thompson, 24 S.W.3d 570, 576 (Tex. App.-Austin 2000, no pet.). 

The decision to grant a temporary injunction lies in the sound discretion of the trial court, and the court's order granting the
injunction is subject to reversal only for a clear abuse of that discretion. Walling, 863 S.W.2d at 58; State v. Walker, 679
S.W.2d 484, 485 (Tex. 1984); Garcia-Marroquin, 1 S.W.3d at 379. Appellate review is limited to the narrow question of
whether the trial court's action constituted a clear abuse of discretion. Davis, 571 S.W.2d at 861-62; Landry v. Travelers
Ins. Co., 458 S.W.2d 649, 651 (Tex. 1970); Garcia-Marroquin, 1 S.W.3d at 379; Desai v. Reliance Machine Works, Inc.,
813 S.W.2d 640, 641 (Tex. App.-Houston [14th Dist.] 1991, no writ). The appellate court must not substitute its judgment
for that of the trial court and determine that the trial court abused its discretion by granting injunctive relief unless the trial
court's action was so arbitrary that it exceeded the bounds of reasonable discretion. Davis v. Huey, 571 S.W.2d 859,
861-62 (Tex. 1978); CRC-Evans Pipeline Int'l, Inc. v. Myers, 927 S.W.2d 259, 262 (Tex. App.-Houston [1st Dist.] 1996,
no writ); Rugen v. Interactive Bus. Sys., Inc., 864 S.W.2d 548, 551 (Tex. App.-Dallas 1993, no writ). Furthermore, the
appellate court should view the evidence in the light most favorable to the trial court's decision, indulging every reasonable
inference in its favor, and determine whether the decision was so arbitrary as to exceed the bounds of reasonable discretion.
Universal Health, 24 S.W.3d at 576; CRC-Evans, 927 S.W.2d at 262; see also Garcia-Marroquin, 1 S.W.3d at 379; Rugen,
864 S.W.2d at 551. The burden of proof is on the litigants attacking the trial court's action. Garcia-Marroquin, 1 S.W.3d
at 379; GXG Inc. v. Texacal Oil & Gas, Inc., 882 S.W.2d 850, 851 (Tex. App.-Corpus Christi 1994, no writ).

Appellant has the burden of proving that the trial court abused its discretion when it granted this temporary injunction.
Appellant contends the trial court erred in granting the injunction because appellees failed to show that they would
probably prevail at trial.

At the temporary injunction hearings, appellees argued that (1) the note upon which appellants sought to foreclose was
usurious because the fifteen percent interest charged, plus the one-twentieth interest deeded to appellants as part of the
consideration for the loan, exceeded the maximum allowable interest that could be charged on the note, and (2) appellant
had not credited certain offset amounts due to appellees.

A claim of usury requires a showing that (1) the defendant loaned money to the plaintiff, (2) the plaintiff had an absolute
obligation to repay the principal, and (3) the defendant contracted for, charged or received interest that exceeded the
maximum amount allowed by law. First Bank v. Tony's Tortilla Factory, Inc., 877 S.W.2d 285, 287 (Tex. 1994); Holley v.
Watts, 629 S.W.2d 694, 696 (Tex. 1982). Usury may be paid in property as well as in money. Palmetto Lumber Co. v.
Gibbs, 124 Tex. 615, 80 S.W.2d 742, 745-46 (Tex. 1935); see also Finn v. Alexander, 165 S.W.2d 500, 501 (Tex. Civ.
App.-El Paso 1941, no writ) (any consideration aside from maker's promise to repay principal constitutes interest). Whether
a note is usurious is determined as of the note's date of inception. Pinemont Bank v. DuCroz, 528 S.W.2d 877, 879 (Tex.
Civ. App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.); Thompson v. Hague, 430 S.W.2d 293, 294-95 (Tex. Civ. App.-Fort
Worth 1968, no writ). Generally, a contract is usurious if there is any mode or contingency by which the lender could
receive more than the maximum rate of interest allowed by law. Parhms v. B & B Ventures, Inc., 938 S.W.2d 199, 204
(Tex. App.-Houston [14th Dist.] 1997, writ denied); First State Bank v. Dorst, 843 S.W.2d 790, 792 (Tex. App.-Austin
1992, writ denied); Dixon v. Brooks, 678 S.W.2d 728, 729 (Tex. App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). In an
action for usury, the plaintiff can recover damages in the form of statutory penalties. See Steves Sash & Door Co. v. Ceco
Corp., 751 S.W.2d 473, 476 (Tex. 1988).

At the hearing, appellees produced evidence that: (1) the note was modified to be governed by Texas law; (2) on July 30,
1997, the maximum allowable interest under Texas law was eighteen percent; (3) on July 30, 1997, the five percent interest
in the property deeded to 214 Main Street as partial consideration for the loan was worth at least $50,000; and (4) the
effective interest rate payable under the original note was 37.54 percent, and 45.88 percent under the modified note. Garner
also testified that Kaplan owed him approximately $100,000 for construction work on another project.

Appellant asserted the defense that the savings clause included in the original note precluded any finding of usury.
However, a savings clause will not be given effect if a contract is usurious by its explicit terms. Pentico v. Mad-Wayler,
Inc., 964 S.W.2d 708, 714 (Tex. App.-Corpus Christi 1998, pet. denied); Coastal Cement Sand Inc. v. First Interstate
Credit Alliance, Inc., 956 S.W.2d 562, 571-72 (Tex. App.-Houston [14th Dist.] 1997, pet. denied); Parhms, 938 S.W.2d at
203-04. This rule prevents a creditor from freely contracting for usurious interest knowing that, for the few debtors who do
complain, the creditor will escape penalty by simply referring to a boilerplate savings clause and refunding the usurious
amount. Terry v. Teachworth, 431 S.W.2d 918, 926 (Tex. Civ. App.-Houston [14th Dist.] 1968, writ ref'd n.r.e.); see also
Nevels v. Harris, 102 S.W.2d 1046, 1050 (Tex. 1934). Kaplan testified that he did not owe Garner any money for
construction services.

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the court did not act arbitrarily or
unreasonably when it found that appellees had a probable right to the relief sought. Therefore, we hold the trial court did
not abuse its discretion in granting appellees' application for a temporary injunction. Appellant's first issue is overruled.

We dismiss appellant's appeal of the trial court's order voiding the foreclosure sale for want of jurisdiction. We affirm the
trial court's order granting appellees' application for a temporary injunction.

FEDERICO G. HINOJOSA

Justice



Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

19th day of July, 2001.

1. Kaplan owns 214 Main Street Corp.

2. Campero and Palacios were appointed substitute trustees under the deed of trust. Palacios conducted the foreclosure
sale. They are not parties to this appeal.