NUMBER 13-04-222-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS CHRISTI - EDINBURG  

 

FIDEL SABEDRA AND 

EVA SABEDRA CASTILLO,                                                Appellants,

 

v.

 

TORI ANDERSON, ET AL.,                                                            Appellees.

 

On appeal from the 24th District Court of Jackson County, Texas.

 

MEMORANDUM OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez                       

 

In this accelerated interlocutory appeal,[1]
appellants, Fidel Sabedra and Eva Sabedra Castillo, contend the trial court
abused its discretion in denying their request for temporary injunction.  We affirm. 








As this is a memorandum opinion and the parties are
familiar with the facts, we will not recite them here except as necessary to
advise the parties of our decision and the basic reasons for it.[2]

                                                      Background

At issue in the underlying lawsuit is a property
dispute between appellants and appellee, Tori Anderson.  Appellants claim an interest in a 15.89 acre
tract of land located in Jackson County, Texas. 
Anderson contends she purchased the property in question by warranty
deed in January 2004.  Appellants
requested that the trial court order Anderson to remove any personal property
from the property and prohibit her from interfering with appellants= use and enjoyment of their property.

Standard of Review








A temporary injunction is an extraordinary remedy
and does not issue as a matter of right.[3]  A decision on whether to grant or deny a
temporary injunction is within the sound discretion of the trial court and
should only be reversed if the trial court abused its discretion.[4]  The appellate court should view the evidence
in the light most favorable to the trial court's decision, indulging every
reasonable inference in its favor, and determine whether the decision was so
arbitrary as to exceed the bounds of reasonable discretion.[5]  The reviewing court must not substitute its
judgment for the trial court=s judgment unless the trial court=s order is so arbitrary, unreasonable, or based on
so gross and prejudicial an error of law as to establish an abuse of
discretion.[6]  The trial court does not abuse its discretion
if it bases its decision on conflicting evidence and evidence in the record
reasonably supports the trial court=s decision.[7]  The appellate court cannot resolve the merits
of the underlying case.[8]
       

Elements of Temporary Injunction








Although the purpose of a temporary injunction is
preservation of the status quo, to obtain a temporary injunction, an applicant
must generally plead and prove three specific elements: (1) a cause of action
against the defendant;  (2) a probable
right to the relief sought;  and (3) a
probable, imminent, and irreparable injury in the interim.[9]  The probable injury element requires a
showing that the harm is imminent, the injury would be irreparable, and that
the plaintiff has no other adequate legal remedy.[10]  The showing of irreparable harm requires
proof that the injury is of such a nature that the injured party cannot be
adequately compensated for it by damages.[11]  An applicant for a temporary injunction may
prove irreparable harm by showing that damages cannot be measured by any
certain pecuniary standard.[12]  For purposes of injunctive relief, no adequate
remedy at law exists if damages are incapable of calculation or if the
defendant is incapable of responding in damages.[13]  Although an injunction is a preventive
device, injunctive relief is improper when the party seeking the injunction has
mere fear or apprehension of the possibility of injury.[14]        

In this case, the trial court made no findings of
fact or conclusions of law pertaining to the three elements of appellants= application for temporary injunction.  Therefore, we will review the record to determine
if the order of the court may be upheld under any legal theory supported in the
record.[15]


                                                          Analysis

In their sole issue, appellants contend the trial
court abused its discretion in failing to grant their temporary
injunction.  Appellants contend that they
seek to maintain the status quo of their possession of the property pending the
outcome of a trial on the merits of their suit. 
In their petition, appellants argue harm is imminent because Anderson
has moved a trailer onto the property and Awill in all likely hood [sic] attempt to further
develope [sic] Plaintiffs property.@  They contend
they have no adequate remedy at law because AAnderson=s going and coming out of plaintiffs [sic] land may
cause injury and/or theft too [sic] plaintiffs= and
to plaintiffs livestock.@  At the
hearing, Sabedra testified that in entering onto the property, Anderson had
damaged his corral and fence and had broken locks on the gate.   








In support of their claim for injunctive relief,
appellants offered as evidence (1) a warranty deed to property described as
tracts 7, 8, and 10 Aout of Section D, SE 1/4, City of La Ward, Jackson
County, Texas@[16] and (2) a partition deed partitioning certain
property held by the Sabedra family into ten parcels.  After considering the evidence adduced at the
hearing, the trial court sent a letter to the parties suggesting that they
retain a local title company to obtain a title opinion.

After reviewing the record in the light most
favorable to the trial court=s decision,[17]
we hold that the trial court did not abuse its discretion in denying appellants= application for a temporary injunction.  Appellants= sole
issue is overruled.

We affirm the trial court=s order denying the temporary injunction. 

 

 

_______________________

LINDA REYNA
YAÑEZ,

Justice

 

 

Memorandum
Opinion delivered and 

filed this the
14th day of July, 2005.











[1] See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon Supp.
2004-05) (providing an appeal may be taken from an interlocutory order that grants
or refuses a temporary injunction); Qwest Comms. Corp. v. AT&T Corp.,
24 S.W.3d 334, 336 (Tex. 2000); Wyatt v. Cowley, 74 S.W.3d 576, 577
(Tex. App.BCorpus Christi 2002, pet. dism=d w.o.j).   





[2] See Tex. R. App. P. 47.4.





[3] Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 204 (Tex. 2002) (citing Walling v. Metcalfe, 863 S.W.2d
56, 57 (Tex. 1993) (per curiam)).  





[4] Id.;  Walling, 863 S.W.2d at 58.  





[5] Kaplan v. Tiffany Dev. Corp.,
69 S.W.3d 212, 219 (Tex. App.BCorpus Christi 2001, no pet.). 





[6] Butnaru, 84 S.W.3d at 204;  Johnson v. Fourth Ct. App., 700 S.W.2d
916, 918 (Tex. 1985) (orig. proceeding).





[7] Davis v. Huey, 571
S.W.2d 859, 862 (Tex. 1978); Harbor Perfusion, Inc. v. Floyd, 45 S.W.3d
713, 716 (Tex. App.BCorpus Christi 2001, no pet.). 





[8] Davis, 571 S.W.2d at
861-62.





[9] Butnaru, 84 S.W.3d at 204;  Walling, 863 S.W.2d at 57;  Sun Oil Co. v. Whitaker, 424 S.W.2d 216,
218 (Tex. 1968).





[10] Harbor Perfusion, 45 S.W.3d
at 716. 





[11] Haq v. America=s Favorite Chicken Co., 921 S.W.2d 728, 730 (Tex. App.BCorpus Christi 1996, writ dism=d w.o.j.). 





[12] Id.  





[13] Id.  





[14] 
Harbor Perfusion, 45 S.W.3d at 716. 





[15] See Davis, 571 S.W.2d at
862.





[16] We note that Anderson=s warranty deed describes the
property she purchased as ALots 22, 23, & 24, Block 26 SE D, Townsite of La Ward,
Jackson County, Texas.@





[17] Kaplan, 69 S.W.3d at 219.