

NUMBER 13-11-00387-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

APEX AUTOMOTIVE COATINGS, INC.,                    Appellant,

v.

APEX PREMIUM PAINT, INC., MICHAEL DE LEON,
SAM GOMEZ, AND ERIC GARCIA,                         Appellees.

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Apex Automotive Coatings, Inc. (Apex Automotive) challenges the trial court's denial of the temporary injunction it sought against appellees Apex Premium Paint, Inc. (Apex Premium), Michael De Leon, Sam Gomez, and Eric Garcia. By one issue, Apex Automotive argues that the trial court abused its discretion in denying the

injunction because it did not follow the relevant provisions of the Texas Business Organizations Code, *see* TEX. BUS. ORGS. CODE ANN. §§ 21.455, 21.457 (West Supp. 2011), and without issuance of the injunction, appellant will suffer imminent and irreparable injury. We affirm.

## I. Background[1]

Apex Automotive is a supply company that contracts with various distributors to supply automotive paint to body shops and car dealerships. Rolando Posada provided the start-up capital for Apex Automotive, and De Leon ran the company. Gomez and Garcia later became shareholders of Apex Automotive along with Posada.

In the summer of 2010, Posada, De Leon, Gomez, and Garcia entered negotiations to wind-up Apex Automotive. To effectuate the wind-up, it was proposed that De Leon, Gomez, and Garcia form a separate company, Apex Premium, which would buy Apex Automotive's distributor contracts, assume the debts of Apex Automotive, and pay Posada a lump sum as a reimbursement for his initial investment. The parties dispute the details of the formation of the agreement. Proceeding on what they believed to be Posada's assent, De Leon, Gomez, and Garcia formed Apex Premium in the fall of 2010 and transferred the distributor contracts to the new company. Posada maintains that he never finally agreed to the wind-up plan and, in any event, that appellees failed to timely pay him the lump sum under the agreement.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

In March 2010, Apex Automotive sued appellees for tortious interference with contract, breach of fiduciary duty, and conspiracy to interfere with business relations. Apex Automotive obtained a temporary restraining order on March 4, 2011, and requested a temporary injunction, as well. The trial court held an evidentiary hearing on Apex Automotive's temporary injunction request on March 17 and April 8, 2011. The trial court denied the temporary injunction. Apex Automotive requested findings of fact and conclusions of law, but the trial court did not file them.[2] This appeal followed.

## II. Standard of Review and Applicable Law

Our review of a temporary injunction decision is limited to determining whether the trial court clearly abused its discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We review the evidence in the light most favorable to the order and indulge all reasonable inferences in favor of the decision. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *City of McAllen v. McAllen Police Officers Union*, 221 S.W.3d 885, 893 (Tex. App.—Corpus Christi 2007, pet. denied). A trial court abuses its discretion when it misapplies the law to established facts. *State v. Sw. Bell Tel. Co.*, 526, 528 (Tex. 1975). A trial court does not abuse its discretion when it bases its decision on conflicting evidence presented by the parties and the record includes evidence that reasonably supports the trial court's decision. *Davis*, 571 S.W.2d at 862; *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). When, as here, the trial court does not make findings of fact or conclusions of law, we infer that the trial court made all the necessary findings to support its judgment and uphold the court's

---

[2] Apex Automotive does not challenge the trial court's decision not to file findings and conclusions.

order on any legal theory supported by the record. *See Haq v. America's Favorite Chicken Co.*, 921 S.W.2d 728, 730 (Tex. App.—Corpus Christi 1996, writ dism'd); *see also Davis*, 571 S.W.2d at 862. We will not substitute our judgment for the trial court's unless the court's decision was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204.

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.* (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993); *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968)). It is not disputed that Apex Automotive has pleaded causes of action against appellees, so only the final two elements are relevant to our review. As to the second element, the applicant must prove it is likely to succeed on the merits of its lawsuit, but it is not necessary for the applicant to prove it will ultimately prevail. *Walling*, 863 S.W.2d at 58. As to the third element, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204 (citation omitted); *Haq*, 921 S.W.2d at 730.

### III. Discussion

By one issue, Apex Automotive argues that the trial court abused its discretion in denying the temporary injunction because Apex Automotive sufficiently proved: (1) its probable right to recovery as appellees' actions violated the Texas Business

Organizations Code and various agreements between the parties; and (2) that its injury would be imminent and irreparable. However, even were we to assume that Apex Automotive proved its probable right to recovery, we cannot conclude, based on the conflicting evidence presented at the hearing, that the trial court abused its discretion because Apex Automotive did not show its injury would be irreparable in the interim.

In its petition, Apex Automotive alleged three causes of action: tortious interference with contract; breach of fiduciary duty; and conspiracy to interfere with business relations. In its tortious interference claim, Apex Automotive alleged that appellees "willfully and intentionally interfered with Plaintiff's contracts by colluding with [a paint distributor] to transfer all contracts held by Plaintiff to themselves under their newly formed company, [Apex Premium]." In its breach of fiduciary duty claims, Apex Automotive alleged that De Leon, Garza, and Garcia breached their duties to Apex Automotive by "instigat[ing] the transfer of the [paint distributor] contracts to [Apex Premium." Finally, in its conspiracy claim, Apex Automotive alleged that appellees "collectively conspired to alienate Plaintiff and prevent it from completing its business purposes by illegally transferring the [paint distributor] contracts" to Apex Premium. In each cause of action, Apex Automotive alleged actual damages resulting from the loss of the distributor contracts; Apex Automotive alleged "pecuniary loss" and "economic injury" in the form of "profits" that wrongfully went to Apex Premium instead of Apex Automotive.

Apex Automotive then asked for a temporary injunction, specifically that the trial court order appellees to "stop working under the illegal [sic] transferred contracts and to preserve all accounting records to determine the damages to Plaintiff." At the temporary

5

injunction hearing, Apex Automotive further asked that the trial court order appellees to transfer all of the paint distributor contracts back to Apex Automotive during the pendency of the suit. In its petition and at the hearing, Apex Automotive argued that it was likely to succeed on the merits of the underlying suit and that its damages in the interim were imminent and irreparable because "customers have begun to order" paint from appellees "that should have been part of Plaintiff's sales and orders" and "Plaintiff is losing its goodwill and custom [sic] relationships" as a result of appellees' "illegal actions." Apex Automotive alleged in its petition, specifically, that it has no adequate remedy at law because "there is no way to determine damages because it is unknown how may [sic] orders the Customers have place [sic] with Defendants."

At the temporary injunction hearing, Posada testified that the harm to Apex Automotive was that it "stopped making money" and "stopped doing business." When asked if there was "anyway to know . . . how much money [Apex Automotive is] losing," Posada replied, "I'm sure we can ask the accountants. I don't have a good idea." Sergio Cruz, the accountant for both Apex Automotive and Apex Premium, then testified that both companies kept good records and that if Apex Automotive "lost money," it would be "possible to calculate how much [Apex Automotive] lost by looking at all these records and accounting documents." Cruz testified that "[t]hey're hard and fast numbers" and "[t]hose figures don't lie."

Apex Automotive points to testimony by Cruz that "[t]o [his] knowledge," Apex Premium "keep[s] good financial records, but that he "really [does]n't keep all the personal records for Apex Premium" and it "*looks* like" they keep good records.

6

(Emphasis added.) Apex Automotive argues that this is evidence that damages in this case would not be easily calculable and therefore an inadequate remedy at law. *See Mabrey v. Sandstone*, 124 S.W.3d 302, 318-19 (Tex. App.—Fort Worth 2003, no pet.) ("Damages are 'inadequate' so as to support a temporary injunction if, among other factors, damages are difficult to calculate.") (citations omitted). But this testimony conflicts with the testimony of Posada and other testimony by Cruz, as detailed above, that the amount of money Apex Automotive lost from the distributor contracts could be readily calculated. It was within the discretion of the trial court to resolve that conflict. *See Davis*, 571 S.W.2d at 862; *Universal Health Servs.*, 24 S.W.3d at 576.

Apex Automotive also points to testimony by Posada that as a result of the transfer of the distributor contracts to Apex Premium, Apex Automotive has lost goodwill and relationships with its customers. Apex Automotive argues that this is additional evidence that damages would be an inadequate remedy. *See Martin v. Linen Sys. for Hosps., Inc.*, 671 S.W.2d 706, 710 (Tex. App.—Houston [1st Dist.] 1984, no writ) ("A dollar value cannot easily be assigned to a company's loss of clientele, goodwill, marketing techniques, office stability, etc.") (citation omitted). However, this testimony conflicts with testimony by Posada that he was no longer interested in the business and only wanted to get out of the company, testimony that implies Apex Automotive was no longer interested in its customer relationships. And, again, it was a matter of discretion for the trial court to resolve this conflicting testimony. *See Davis*, 571 S.W.2d at 862; *Universal Health Servs.*, 24 S.W.3d at 576.

7

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that there was evidence presented at trial that reasonably supported the trial court's implied finding that Apex Automotive could be adequately compensated by damages and would not suffer irreparable harm in the interim. *See City of McAllen*, 221 S.W.3d at 893; *see also Butnaru*, 84 S.W.3d at 204; *Universal Health Servs.*, 24 S.W.3d at 576. The only evidence at trial supporting Apex Automotive's position that it would suffer irreparable harm was contradicted by other evidence. *See Davis*, 571 S.W.2d at 862. Because Apex Automotive was required to prove all three elements to obtain an injunction, its failure to prove this one element was sufficient to support the trial court's denial of the temporary injunction. *See Butnaru*, 84 S.W.3d at 204; *Haq*, 921 S.W.2d at 730. We need not reach Apex Automotive's arguments regarding its probable right to recovery. *See* TEX. R. APP. P. 47.1. We overrule its sole appellate issue.

## IV. Conclusion

We affirm the order of the trial court denying the temporary injunction.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of June, 2012.

8