NUMBER
13-02-079-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

PASTOR RICK BARR AND

PHILEMON HOMES, 

INC.,                                                                                        Appellants,

 

                                                   v.

 

THE CITY OF SINTON,                                                       Appellee.

 

                        On appeal from the
343rd District Court 

                               of San Patricio County, Texas.

 

                          MEMORANDUM OPINION

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 








This is an
accelerated, interlocutory appeal from the trial court=s order denying
a  temporary
injunction requested by appellants, Pastor Rick Barr and Philemon Homes,
Inc.  Appellants contend the trial court
erred in failing to grant a temporary injunction.  We affirm.

As this is a
memorandum opinion and the parties are familiar with the facts, we will not
recite them here.  See Tex. R. App. P. 47.4.

Jurisdiction

Under Texas
procedure, appeals are allowed only from final orders and judgments.  Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). 
Unless a statute specifically authorizes an interlocutory appeal, Texas
appellate courts have jurisdiction only over final judgments.  Qwest Communications
Corp. v. AT&T Corp., 24 S.W.3d 334, 336 (Tex. 2000) (per curiam).  Section 51.014(a) of the civil practice and
remedies code states:  A[a] person may
appeal from an interlocutory order of a district court, county court at law, or
county court that:  . . . grants or
refuses a temporary injunction.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)
(Vernon Supp. 2002).  Thus, we have
jurisdiction to consider this interlocutory appeal.

Standard of
Review








A temporary
injunction is an extraordinary remedy and does not issue as a matter of
right.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 204 (Tex. 2002) (citing Walling v. Metcalfe, 863 S.W.2d
56, 57 (Tex. 1993) (per curiam)). 
A decision on whether to grant or deny a temporary injunction is within
the sound discretion of the trial court and should only be reversed if the
trial court abused its discretion.  Id.
at 204;  Walling,
863 S.W.2d at 58.  At a temporary
injunction hearing, the only issue before the trial court is whether the status
quo should be preserved pending trial on the merits.  Walling, 863 S.W.2d at 58;  Davis v.
Huey, 571 S.W.2d 859, 862 (Tex. 1978). 
The status quo is Athe last,
actual, peaceable, non-contested status that preceded the pending controversy.@  State v. Southwestern
Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975).  The reviewing court must not substitute its
judgment for the trial court=s judgment
unless the trial court=s order is so
arbitrary, unreasonable, or based upon so gross and prejudicial an error of law
as to establish abuse of discretion.  Butnaru,
84 S.W.3d at 204;  Johnson v. Fourth Ct. App.,
700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding).  The trial court does not abuse its discretion
if it bases its decision on conflicting evidence.  Davis, 571 S.W.2d at
862.

Elements of
Temporary Injunction

Although the
purpose of a temporary injunction is the preservation of the status quo, to
obtain a temporary injunction, an applicant must plead and prove three specific
elements: (1) a cause of action against the defendant;  (2) a probable right to the relief
sought;  and (3) a probable, imminent,
and irreparable injury in the interim.  Butnaru,
84 S.W.3d at 204;  Walling, 863 S.W.2d at 57;  Sun Oil Co. v. Whitaker, 424 S.W.2d 216,
218 (Tex. 1968).

When a trial
court does not make findings of fact or conclusions of law, we will uphold the
judgment on any legal theory supported by the record.  See Davis, 571
S.W.2d at 862.  In this case, the
trial court made no findings of fact or conclusions of law pertaining to the
three elements of the appellants= application
for temporary injunction.  Therefore, we
will review the record to determine if the order of the court may be upheld
under any legal theory supported in the record.








By one point of
error, appellants contend that the trial court erred in failing to grant a
temporary injunction.  However,
appellants= brief to this
Court fails to address how the trial court abused its discretion by deciding
not to maintain the status quo until trial. 
Rather, appellants= brief raises
issues that will be germane at the trial on the merits.  AThe brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@  Tex. R. App. P. 38.1(h).  Since appellants= brief does not
contain specific argument or authority identifying how the trial abused its
discretion by denying the temporary injunction the point of error is
waived.  See id.

Moreover, an
independent review of the record reveals that appellants cannot establish a
probable, imminent, and irreparable injury in the interim before trial because
Pastor Barr admitted at the temporary injunction hearing that his homes were
still receiving parolees.  Butnaru,
84 S.W.3d at 204.

In conclusion,
we hold that it was within the trial court=s discretion to
deny appellants= request for a
temporary injunction.

The trial court=s order is
AFFIRMED.

 

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

 

 

Opinion delivered and filed this the

23rd day of
January, 2003.