**Joan BROOKS, Petitioner,**

v.

**EXPO CHEMICAL COMPANY, INC., Respondent.**

**No. B-7788.**

Supreme Court of Texas.

Jan. 17, 1979.

James E. Ross, Houston, for petitioner.

Gerald E. Hopkins, Houston, for respondent.

STEAKLEY, Justice.

Expo Chemical Company, Inc., plaintiff below and Respondent here, sued Joan Brooks, Petitioner here, for temporary injunction and, upon trial, for permanent injunction, for actual, punitive and treble damages, for attorney's fees, interest and costs. It was alleged that Joan Brooks, a former employee of Expo and currently employed by a competitor, was using Expo's customer list and product cross-reference cards to solicit business from Expo's customers; and that such are trade secrets or confidential information.

The suit was filed November 28, 1977. The trial court heard Expo's application for temporary injunction on December 15, 1977, and denied this relief. Expo appealed.

While recognizing that the matter for review was the denial by the trial court of a temporary injunction, the Court of Civil Appeals called "attention" to what was termed "errors" of the trial court and by its judgment reversed the judgment of the trial court and remanded the cause "for further proceedings in accordance with the opinion of this court." No consideration was given to the only question before the trial court, i. e., whether Expo was entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. In effect, the Court of Civil Appeals prematurely reviewed the merits of Expo's suit. See *Expo Chemical Company, Inc. v. Joan Brooks,* (Tex.Civ.App.) 572 S.W.2d 8.

This is the precise posture in which we wrote *Davis et ux. v. Huey et al.,* 571 S.W.2d 859 (Tex.1978). We there said, with appropriate citations, that the merits of the underlying case are not presented for appellate review in an appeal from an order granting or denying a temporary injunction; that such review is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in determining whether the applicant is entitled to a preservation of the status quo pending trial on the merits; that the effect of a premature review of the merits is to deny the opposing party the right to trial by a jury; and that it will not be assumed that the evidence taken at a preliminary hearing on temporary injunction will be the same as the evidence developed at a trial on the merits.

Here, as in *Davis v. Huey, supra,* the opinion of the Court of Civil Appeals makes no reference to the interlocutory nature of the injunction or to the abuse of discretion

standard. A review of the temporary injunction record discloses factual dispute in the testimony of the president of Expo and of Joan Brooks, particularly with reference to the general availability of the information contained in the customer list and reference cards. Moreover, it was not convincingly shown that the granting of relief by temporary injunction to preserve the status quo was required to prevent Expo from suffering irreparable injury. The exercise by the trial court of its discretion in denying the temporary restraint will not be disturbed.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.