John **PERDUE** et ux.

v.

**CITY OF AZLE, Texas.**

No. 18123.

Court of Civil Appeals of Texas, Fort Worth.

Aug. 2, 1979.

Rehearing Denied Sept. 13, 1979.

Wilbur T. Knape, Hurst, for appellants.

Kenneth N. Price, City Atty., Azle, Cantey, Hanger, Gooch, Munn & Collins, and S. G. Johndroe, Jr., Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

This appeal is from an order denying John and Mary Perdue a temporary injunction against a condemnation proceeding instituted by the City of Azle to obtain a temporary construction easement to reconstruct and enlarge a sanitary sewer lift station. The lift station had been operating since 1967 on an easement the Perdues had granted originally to the Tarrant County Water Supply Corporation in 1967. Azle had purchased this easement, among others, in 1971.

We affirm.

The Perdues had obtained a temporary restraining order forbidding Azle from continuing or proceeding further with the condemnation action. It was dissolved by the trial court in this suit and the writ of possession in the condemnation suit was reaffirmed.

The condemnation proceedings had been filed in district court and the judge had appointed commissioners to hear evidence of damages. They had made their award and that amount had been paid into the registry of the court. The Perdues were appealing. They had also intervened in a quo warranto proceeding involving Azle.

■ By several points of error the Perdues attack the trial court's refusal to grant them a temporary injunction. However, most of these points, including the question of Azle's authority to condemn and the propriety of the preliminary negotiations and other alleged irregularities, go to the merits of the underlying case. Therefore, they are not before us on appeal and cannot be reviewed by us at this time. Hence, these points are overruled. *Brooks v. Expo Chemical Co., Inc.*, 576 S.W.2d 369 (Tex. 1979).

In granting or refusing a temporary injunction, the trial court is vested with broad discretion in determining the only issue: whether the party requesting the temporary relief is entitled to preservation of the status quo of the subject matter pending trial on the merits. *Brooks, supra; Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). On appeal the standard of review is whether the record clearly shows the trial court abused its discretion in making its determination. *Brooks, Davis, supra; Texas Foundries v. International Moulders & F. Wkrs*, 151 Tex. 239, 248 S.W.2d 460 (1952).

■ The Perdues sought the temporary injunction on the grounds that the lift station as operated, and after the proposed expansion, is both a public and private nuisance. The evidence showed that there had been one complaint in the last two and one-half years that the manhole connected with the system had overflowed. It further shows that the complaint was promptly dealt with. The city manager testified that the sewer system was at all times operated within the standards of all of the concerned federal and state agencies and that regular maintenance was performed daily on the system. He further testified, as did an engineer who designed the proposed reconstruction of the lift station, that the enlargement met all state and federal standards. The federal government was paying for the expansion. There was testimony that by the reconstruction of the lift station and the enlargement of the sewer system, Azle would eliminate the health hazard of approximately 300 septic tanks. Approximately 150 of those tanks, when they overflowed, drained into a slough behind the Perdue's property and from there into Eagle Mountain Lake, Azle's water supply.

There had been several reported cases of hepatitis in the area of septic tanks to be eliminated. There was also testimony that the soil in the area was primarily rock and clay, material incapable of good absorption, therefore the septic tanks were inefficient. Neighbors of the Perdues testified as to the lack of odor from the lift station and the inefficiency and disadvantages of septic tanks in general. The record clearly shows that Azle has three easements on the Perdue property for the express purpose of constructing, reconstructing and maintaining the sanitary sewer line and lift station. In view of the evidence presented at the hearing, there is a question as to the Perdue's right to prevail in the main suit. It does not appear that a temporary injunction to preserve the status quo is required to prevent irreparable injury to the Perdues. The exercise by the trial court of its discretion in denying the temporary restraint will not be disturbed.

While we have not expressly discussed each of the Perdue's points of error, they have all been considered and are overruled. We feel it would be improper at this point to discuss them further as to do so would be to intrude upon the merits of the underlying cause of action and constitute a premature review. *Brooks, supra.*

Affirmed.