IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-1300-04 & PD-1301-04






THE STATE OF TEXAS



v.



LEE MICHAEL ALLEY, Appellee, &


PATRICIA ANN DELAROSA, Appellee





ON DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Womack, J., delivered the opinion for a unanimous Court.



 The issue in this case is whether the State may appeal from a justice court directly to a
court of appeals. We hold that it may not.

 The State filed complaints, in the Justice Court for Precinct 5 of Harris County, that
accused the appellees of separate offenses of failure to stop at a stop sign. The justice court
granted the appellees' motions to dismiss the misdemeanor complaints against them because
neither complaint alleged the specific location of the offense.

 The State filed notices of appeal in the justice court. The notices said, "The State now
gives written Notice of Appeal to the Court of Appeals sitting at Houston, Texas." The appeals
went to the First Court of Appeals.

 The appellees argued that courts of appeals did not have jurisdiction. They relied on
Articles 4.08 and 45.042 of the Code of Criminal Procedure, which speak to the county courts'
jurisdiction of appeals from justice courts.

 Article 4.08 reads, "The county courts shall have appellate jurisdiction in criminal cases
of which justice courts and other inferior courts have original jurisdiction."

 Article 45.042 reads:

 "(a) Appeals from a justice or municipal court, including appeals from final judgments in
bond forfeiture proceedings, shall be heard by the county court except in cases where the county
court has no jurisdiction, in which counties such appeals shall be heard by the proper court.

 "(b) Unless the appeal is taken from a municipal court of record and the appeal is based
upon error reflected in the record, the trial shall be de novo."

 Also relevant are sections of the Government Code that give the constitutional county
courts "appellate jurisdiction in criminal cases of which justice courts and other inferior courts
have original jurisdiction," (1) and that give the statutory county courts "jurisdiction over all causes
and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." (2)

 The State based its argument that a State's appeal will be heard by the court of appeals on
the first sentence of Article 44.01(f) of the Code of Criminal Procedure: "The court of appeals
shall give precedence in its docket to an appeal [by the State] filed under Subsection (a) or (b) of
this article." Subsections (a) and (b) set out most of the grounds of appeal by the State; the only
other grounds are in Subsections (c) and (k), which authorize cross-appeals and appeals in
habeas-corpus proceedings involving probationers. The State filed these appeals under Subsection (a): "The State is entitled to appeal an order of a court in a criminal case if the order: (1)
dismisses an indictment, information, or complaint ."

 The court of appeals concluded that "Article 44.01 allow[s] the State to appeal, and
Articles 4.08 and 45.042 establish[] the court with the initial appellate jurisdiction to hear the
case." (3) Because "the State should have brought [its] appeals to the county courts," the court of
appeals dismissed the State's appeal for lack of jurisdiction. (4)

 We granted review.

 The prosecutions in these cases were for the offense of failure to stop at a stop sign. (5) The
offense is a misdemeanor (6) that is punishable by fine only. (7)

 "Justices of the peace shall have original jurisdiction in criminal cases: (1) punishable by
fine only ." (8) Therefore, the justice court had original jurisdiction of these cases.

 "[I]n criminal cases of which justice courts and other inferior courts have original
jurisdiction," Article 4.08 of the Code of Criminal Procedure provides that "the county courts
shall have appellate jurisdiction." Similarly, Article 45.042 provides that "Appeals from a justice
or municipal court  shall be heard by the county court except in cases where the county court
has no jurisdiction, in which counties such appeals shall be heard by the proper court."

 Article 45.042 also says, "Unless the appeal is taken from a municipal court of record and
the appeal is based on error reflected in the record, the trial shall be de novo." Likewise, Article
44.17 provides, "In all appeals to a county court from justice courts and municipal courts other
than municipal courts of record, the trial shall be de novo in the trial in the county court, the same
as if the prosecution had been originally commenced in that court."

 As the First Court of Appeals' opinion put it, "The State asks us to hold Article 4.08
inapplicable on a theory that 'the appeal from a justice court to a county court is clearly intended
to be an appeal by the defendant because such appeals are required to be trials de novo.' The
State contends that Article 44.01 therefore 'effectively prevails' over Article 4.08." (9)

 The State questions how there can be a trial de novo in cases in which it is appealing the
justice court's rulings which granted the defendants' motions to dismiss the complaint. It queries,
"Is the trial de novo to be upon the complaint that the justice court had previously dismissed --
in which case the justice court's ruling on the defendant's motion to dismiss would be ignored?"
and "Is the trial de novo to be upon another complaint or an amended complaint -- in which case
the State's right to appeal the justice court's ruling would have been abrogated?"

 The answer to the State's first rhetorical question is, Yes. A trial de novo on a complaint
that a justice court dismissed would ignore the justice court's ruling. That is what Article 44.17
means when it says "the trial shall be de novo in the trial in the county court, the same as if the
prosecution had been originally commenced in that court."

 The State also argues that article 44.01(f) "contemplates that a State's appeal brought
under that statute will be heard by the court of appeals." Article 44.01(f) provides that "The court
of appeals shall give precedence in its docket to an appeal filed under Subsection (a) or (b) of this
article." The State contends that this provision about precedence in court of appeals' dockets
means that courts of appeals have jurisdiction of every appeal filed under subsection (a) or (b).
The language of the statute will not bear the weight of that inference.

 Article 44.01(f) speaks only to the precedence of appeals of which the court of appeals
has jurisdiction. It cannot be read to create jurisdiction, or to assume the existence of a jurisdiction that is not elsewhere granted. The basic principles of statutory construction require that all
the provisions be given effect. This is easily and naturally done. Article 44.01(a) allows the State
to appeal certain orders. Articles 4.08 and 45.042 establish that appeals from a justice court must
be taken to the county court. Articles 44.17 and 45.042 specify that an appeal to county court
shall be conducted de novo. If the State takes an appeal after such a de novo proceeding in the
county court, Article 44.01(f) means that that appeal shall be given precedence by the court of
appeals.

 We affirm the judgment of the Court of Appeals.


En banc.

Delivered March 9, 2005.

Publish.
1. Tex. Gov't Code § 26.046.
2. Id., § 25.0003(a).
3. State v. Alley, 137 S.W.3d 866, 868 (Tex. App. -- Houston [1st Dist.] 2004). 
4. Id., at 867. 
5. See Tex. Transp. Code § 544.010.
6. See id., § 542.301.
7. See id., § 542.401.
8. Tex. Code Crim. Proc. art. 4.11(a).
9. Alley, supra note 3 at 868.