Affirmed and Memorandum Opinion filed May 17, 2007








Affirmed
and Memorandum Opinion filed May 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01056-CV

_______________

 

W. R. GRACE & CO. - CONN, Appellant

 

V.

 

JAMES R. TAYLOR, Appellee

                                                                                                                                               


On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 06-CV1215

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

W.R. Grace & Co. - Conn. (AWRG@) appeals the denial of its request
for a temporary injunction against James R. Taylor on the grounds that: (1)
after ending his employment with WRG, Taylor used WRG=s proprietary information; and (2)
the trial court=s decision not to enjoin Taylor from soliciting WRG customers
after leaving WRG=s employment was based on an incorrect determination that the
non-solicitation obligation in Taylor=s employment agreement is
unenforceable.  We affirm.








Background

In February of 2000, WRG, a
manufacturer and seller of chemical additives used in cement and concrete
manufacturing, hired Taylor to market its products.  As a condition of that
employment, Taylor signed an Employment Agreement (the Aagreement@) that prohibited Taylor from, as relevant
to this appeal: (1) using or disclosing WRG=s confidential information outside of
his employment with WRG; and (2) soliciting any WRG customer or sales prospect
for two years after leaving WRG=s employment.   

In October of 2006, Taylor left WRG
and went to work for SIKA Corporation, one of WRG=s competitors.  Soon after, WRG sued
Taylor for breach of contract, breach of fiduciary duty, and misappropriation
of confidential and proprietary information and sought an ex parte temporary
restraining order, which was granted.  However, after a hearing on WRG=s application for a temporary
injunction, the trial court denied the application.  

Standard of Review








The purpose of a temporary injunction
is to preserve the status quo of the litigation=s subject matter pending a trial on
the merits.   Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex.
2002).  Because  an order denying a temporary injunction is interlocutory,[1]
the merits of the underlying case are not within the scope of the interlocutory
appeal.[2]  Davis v.
Huey, 571 S.W.2d 859, 861B62 (Tex. 1978).[3]  Appellate
review of an order denying a temporary injunction is therefore strictly limited
to deciding whether the trial court abused its discretion in determining
whether the applicant is entitled to preservation of the status quo pending
trial on the merits.  See Butnaru, 84 S.W.3d at 204; Brooks v. Expo
Chem. Co., 576 S.W.2d 369, 370 (Tex. 1979); Davis, 571 S.W.2d at 861B62.  

An abuse of discretion does not exist
where the trial court bases its decision on conflicting evidence, some of which
reasonably supports the trial court=s decision.  See In re Epic
Holdings, Inc., 985 S.W.2d 41, 57 (Tex. 1998); Davis, 571 S.W.2d at
862.  A trial court=s decision to deny a temporary injunction must be upheld on
any legal theory supported by the record.  Davis, 571 S.W.2d at 862.  To
obtain a temporary injunction, an applicant must plead and prove: (1) a cause
of action against the defendant; (2) a probable right to the relief sought; and
(3) a probable, imminent, and irreparable injury[4]
in the interim.  See Butnaru, 84 S.W.3d at 204.

Confidential Information








WRG=s first issue challenges the trial
court=s decision not  to enjoin Taylor from
using or disclosing its confidential information[5]
on the ground that Taylor was using confidential information regarding WRG=s pricing, rebates, and product
mixtures while soliciting WRG customers.  However, the evidence shows that
before the hearing on the temporary injunction, Taylor had returned to WRG all
physical forms of information he had received relating to his employment there,
and WRG cites no evidence showing that Taylor had actually used or disclosed
any of WRG=s confidential or proprietary information while working for SIKA. 
Because some basis therefore exists for concluding that WRG was not entitled to
a temporary injunction on the use and disclosure of confidential information,
WRG=s first issue is overruled.   See
Davis, 571 S.W.2d at 863.

Non-Solicitation Agreement

WRG=s second issue challenges the denial
of its request to enjoin Taylor from soliciting WRG=s customers because the trial court
incorrectly concluded that the non-solicitation provision of Taylor=s agreement is unenforceable as a
matter of law.  Specifically, WRG contends that agreements not to compete, such
as the non-solicitation provision in issue here, are enforceable if they are Aancillary to or part of an otherwise
enforceable agreement.@[6]








Although Taylor admitted that, while working for SIKA,
he has had discussions with several WRG customers, there is no evidence that
WRG lost sales, marketing advantage, or goodwill, or otherwise suffered an
irreparable injury; or that it has no adequate remedy at law for any such
violation.  Under these circumstances,[7] there is some
basis upon which the trial court could have properly concluded that a temporary
injunction on the non-solicitation claim was not necessary to maintain the
status quo.[8]  See
Brooks, 576 S.W.2d at 371; Davis, 571 S.W.2d at 863.  Accordingly,
WRG=s second issue is overruled, and the trial court=s order denying the temporary injunction is affirmed.

 

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed May 17, 2007.

Panel consists of Justices Anderson,
Fowler, and Edelman.        









[1]           See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon Supp. 2006). 





[2]           Because the evidence adduced at the
temporary injunction hearing might differ from that developed at a trial on the
merits, a premature review of the merits in an appeal of a temporary injunction
would essentially deny the parties their right to a jury trial.  See Davis
v. Huey, 571 S.W.2d 859, 862 (Tex. 1978).   





[3]           But see Ass=n of Tex. Prof=l Educators v. Kirby, 788 S.W.2d 827 (Tex. 1990) (reversing the denial of a temporary
injunction upon a determination that House Bill 2566 was unconstitutional); Burch
v. City of San Antonio, 518 S.W.2d 540 (Tex. 1975) (reversing the denial of
a temporary injunction upon a determination that home rule cities do not have
the authority to delegate power of eminent domain to subordinate agencies); Daniel
v. Goesl, 161 Tex. 490, 341 S.W.2d 892 (1960) (reversing the denial of a
temporary injunction to prohibit a retired partner from violating a covenant
not to compete).





[4]           An injury is irreparable if the injured
party cannot be adequately compensated in damages or if the damages cannot be
measured by any certain pecuniary standard.  See Butnaru, 84 S.W.3d at
204.  Because company's loss of goodwill, clientele, marketing techniques, and
office stability are not easily assigned a dollar value, they qualify as Aprobable injury@
for purposes of injunctive relief.  Graham v. Mary Kay Inc., 25 S.W.3d
749, 753 (Tex. App.CHouston [14 Dist.] 2000, pet. denied).  However, the
evidence must show an actual loss of goodwill, clientele, marketing techniques,
or office stability to obtain injunctive relief.  See id. (holding that
loss of goodwill and business stability was established by evidence that Graham
actively sought Mary Kay salespersons who were willing to breach their
contracts and sell products to Graham); see also Armendariz v. Mora, 526
S.W.2d 542, 543 (Tex. 1975) (holding that applicant has the burden of offering
some evidence establishing probable injury).





[5]           The parties do not dispute that the
agreement=s prohibition on use and disclosure of confidential
information was enforceable, only whether it was violated.





[6]           See Tex. Bus. & Com. Code Ann. ' 15.50(a) (Vernon 2002) (stating Aa
covenant not to compete is enforceable if it is ancillary to or part of an
otherwise enforceable agreement at the time the agreement is made . . .@).





[7]           Although the agreement contains language
that stipulates irreparable injury if a breach of the agreement occurs, WRG
does not rely on this provision in this appeal, and such stipulations have been
held insufficient to support a finding of irreparable harm for injunctive
relief.  See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,
356 F.3d 1256, 1266 (10th Cir. 2004); Smith, Bucklin & Assocs., Inc v.
Sonntag, 83 F.3d 476, 481 (D.C. Cir. 1996); Baker's Aid, Inc. v.
Hussmann Foodservice Co., 830 F.2d 13, 16 (2d Cir. 1987); Traders Int=l, Ltd. v. Scheuermann, No. H‑06‑1632, 2006 WL 2521336, at *8
(S.D. Tex. Aug. 30, 2006) (not designated for publication); Sec. Telecom
Corp. v. Meziere, No. 05‑95‑01360‑CV, 1996 WL 87212, at
*2 (Tex. App.CDallas Feb. 28, 1996, no writ.) (not designated for
publication).





[8]           Whereas a presumption of irreparable damage
has been held to apply to the breach of a covenant not to compete in the sale
of a business, no such presumption attaches to restrictive covenants for
discharged employees.  See Daniel v. Goesl, 341 S.W.2d at 896.