NO. 07-08-0391-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2008

_____

LAURANCE KRIEGEL, APPELLANT

v.

PARMER COUNTY SHERIFF'S OFFICE, ET AL., APPELLEES

_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 9724; HON. GORDON H. GREEN, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Laurance Kriegel, appearing pro se, filed a notice of appeal. Based on the content of the notice, we notified Kriegel by letter of our apparent lack of jurisdiction. We afforded him fifteen days to respond. We specifically required Kriegel's response include a copy of any order or judgment he sought to appeal. Kriegel filed a timely response. From the response, we discern that through a single notice of appeal Kriegel seeks to appeal an interlocutory order in the underlying civil proceeding as well as his

conviction for a Class C misdemeanor in justice court.[1]  Finding we lack jurisdiction over the matters of which Kriegel complains, we dismiss the attempted appeal.[2]

## Discussion

On our own motion, we consider our jurisdiction over the attempted appeal.  *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (noting our obligation to consider jurisdiction *sua sponte*).  We turn first to the order of which Kriegel complains.  The document, entitled "Order Denying Motion to Transfer," was signed in the underlying civil case by the trial court on June 10, 2008.  According to the terms of the order, it denied a motion of Kriegel to transfer a criminal case in justice court styled "*The State of Texas v. Laurence Kriegel,*" cause number 34,840, to the district court.  Kriegel offers no proof or authority that this order is appealable as a final order.  The legislature has not authorized the interlocutory appeal of an order denying the transfer Kriegel sought.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008) (listing orders available for interlocutory appeal).  Nor has Kriegel supplied proof of an agreement and order for the interlocutory appeal of an order not specified by section 51.014(a).  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (Vernon 2008).  We find no jurisdictional basis for our review of the June 10 order.

---

[1] In his response, Kriegel also complains that the Parmer County Court has taken no action on his application for writ of certiorari.  *See* Tex. R. Civ. P. 575-591.  This is not the proper subject of an ordinary appeal.  "Appeals can be taken in Texas only from final judgments and interlocutory orders made appealable by rule or statute."  6 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice: Appeals § 1:8 (2d ed. 1999).

[2] We do not reach a discussion of the procedure Kriegel followed in attempting to perfect appeal of his complaints.

Next, Kriegel seeks to complain of his conviction in cause number 34,840 for violating a county burn ban. A jury found Kriegel guilty and fined him $500. Kriegel also seeks to challenge a pre-trial order in the case.[3]

A commissioners court is authorized to make an order prohibiting or restricting outdoor burning in unincorporated county areas under specified circumstances. *See* Tex. Local Gov't Code Ann. § 352.081(c) (Vernon 2006). A violation of an order prohibiting or restricting outdoor burning is a Class C misdemeanor. *See* Tex. Local Gov't Code Ann. § 352.081(h) (Vernon 2006). A Class C misdemeanor is punishable by a fine only. *See* Tex. Pen. Code Ann. §§ 12.23 & 12.41(3) (Vernon 2003). "Justices of the peace shall have original jurisdiction in criminal cases: (1) punishable by fine only. . . ." Tex. Code Crim. Proc. Ann. art. 4.11(a) (Vernon Supp. 2007).

The legislature has vested constitutional county courts with "appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction." Tex. Gov't Code Ann. § 26.046 (Vernon 2004). "The county courts shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction." Tex. Code Crim. Proc. Ann. art. 4.08 (Vernon 2005). "Appeals from a justice or municipal court, including appeals from final judgments in bond forfeiture proceedings, shall be heard by the county court except in cases where the county court has no jurisdiction, in which counties such appeals shall be heard by the proper court." Tex. Code Crim. Proc. Ann. art. 45.042 (Vernon 2007). Therefore, in cases, as here, where original

---

[3] Kriegel also attaches to his response as "appealable orders" a witness affidavit, the jury list, and jury charge. Our lack of jurisdiction in Kriegel's attempted appeal obviates the need for further mention of these documents.

jurisdiction lies in the justice court, appeal is to the county court and not the court of appeals. *Cf. State v. Alley,* 158 S.W.3d 485, 488 (Tex.Crim.App. 2005) (finding court of appeals correctly dismissed State's appeal for lack of jurisdiction when State attempted to appeal decision of justice court directly to court of appeals). The appeal from justice court to county court is by trial de novo, as if the prosecution had originally commenced in that court. *See* Tex. Code Crim. Proc. Ann. art. 44.17 (Vernon 2007). Here, Kriegel should have brought his appeal from justice court in the county court.

## Conclusion

The jurisdiction of a court of appeals is defined by the Texas Constitution and statute.[4] The interlocutory order from the trial court and judgment of conviction from justice court Kriegel seeks to challenge here are not within the contours of that jurisdiction. We, accordingly, dismiss the appeal for want of jurisdiction.[5]

It is so ordered.

James T. Campbell
Justice

---

[4] *See* Tex. Const. art. V, § 1 (courts in which judicial power is vested), Tex. Const. art. V, § 6 (courts of appeals); Tex. Gov't Code Ann. §§ 21.001 (inherent power and duty of courts), 22.220 (civil jurisdiction), 22.201 (courts of appeals districts), 22.221 (writ power), 73.001-73.002 (transfer of courts of appeals' cases) and 22.202(i) (transfer of cases between First and Fourteenth Courts of Appeals) (Vernon 2004 & Supp. 2008); and Tex. Code Crim. Proc. Ann. art. 4.01 (courts with criminal jurisdiction) & art. 4.03 (courts of appeals) (Vernon 2005).

[5] Because we are without jurisdiction to address Kriegel's complaints, nothing herein shall be regarded as an opinion on the merits.