NO. 07-08-0391-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B 

OCTOBER 31, 2008

______________________________


LAURANCE KRIEGEL, APPELLANT

v.

PARMER COUNTY SHERIFF’S OFFICE, ET AL., APPELLEES

_________________________________

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 9724; HON. GORDON H. GREEN, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Laurance Kriegel, appearing pro se, filed a notice of appeal. Based on
the content of the notice, we notified Kriegel by letter of our apparent lack of jurisdiction. 
We afforded him fifteen days to respond. We specifically required Kriegel’s response
include a copy of any order or judgment he sought to appeal. Kriegel filed a timely
response. From the response, we discern that through a single notice of appeal Kriegel
seeks to appeal an interlocutory order in the underlying civil proceeding as well as his
conviction for a Class C misdemeanor in justice court.


 Finding we lack jurisdiction over
the matters of which Kriegel complains, we dismiss the attempted appeal.



Discussion
          On our own motion, we consider our jurisdiction over the attempted appeal. See
Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no
writ) (noting our obligation to consider jurisdiction sua sponte). We turn first to the order
of which Kriegel complains. The document, entitled “Order Denying Motion to Transfer,”
was signed in the underlying civil case by the trial court on June 10, 2008. According to
the terms of the order, it denied a motion of Kriegel to transfer a criminal case in justice
court styled “The State of Texas v. Laurence Kriegel,” cause number 34,840, to the district
court. Kriegel offers no proof or authority that this order is appealable as a final order. The
legislature has not authorized the interlocutory appeal of an order denying the transfer
Kriegel sought. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008) (listing
orders available for interlocutory appeal). Nor has Kriegel supplied proof of an agreement
and order for the interlocutory appeal of an order not specified by section 51.014(a). See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (Vernon 2008). We find no jurisdictional
basis for our review of the June 10 order.
          Next, Kriegel seeks to complain of his conviction in cause number 34,840 for
violating a county burn ban. A jury found Kriegel guilty and fined him $500. Kriegel also
seeks to challenge a pre-trial order in the case.



          A commissioners court is authorized to make an order prohibiting or restricting
outdoor burning in unincorporated county areas under specified circumstances. See Tex.
Local Gov’t Code Ann. § 352.081(c) (Vernon 2006). A violation of an order prohibiting or
restricting outdoor burning is a Class C misdemeanor. See Tex. Local Gov’t Code Ann.
§ 352.081(h) (Vernon 2006). A Class C misdemeanor is punishable by a fine only. See
Tex. Pen. Code Ann. §§ 12.23 & 12.41(3) (Vernon 2003). “Justices of the peace shall
have original jurisdiction in criminal cases: (1) punishable by fine only. . . .” Tex. Code
Crim. Proc. Ann. art. 4.11(a) (Vernon Supp. 2007). 
          The legislature has vested constitutional county courts with “appellate jurisdiction
in criminal cases of which justice courts and other inferior courts have original jurisdiction.” 
Tex. Gov’t Code Ann. § 26.046 (Vernon 2004). “The county courts shall have appellate
jurisdiction in criminal cases of which justice courts and other inferior courts have original
jurisdiction.” Tex. Code Crim. Proc. Ann. art. 4.08 (Vernon 2005). “Appeals from a justice
or municipal court, including appeals from final judgments in bond forfeiture proceedings,
shall be heard by the county court except in cases where the county court has no
jurisdiction, in which counties such appeals shall be heard by the proper court.” Tex. Code
Crim. Proc. Ann. art. 45.042 (Vernon 2007). Therefore, in cases, as here, where original
jurisdiction lies in the justice court, appeal is to the county court and not the court of
appeals. Cf. State v. Alley, 158 S.W.3d 485, 488 (Tex.Crim.App. 2005) (finding court of
appeals correctly dismissed State’s appeal for lack of jurisdiction when State attempted to
appeal decision of justice court directly to court of appeals). The appeal from justice court
to county court is by trial de novo, as if the prosecution had originally commenced in that
court. See Tex. Code Crim. Proc. Ann. art. 44.17 (Vernon 2007). Here, Kriegel should
have brought his appeal from justice court in the county court. 
Conclusion
          The jurisdiction of a court of appeals is defined by the Texas Constitution and
statute.


 The interlocutory order from the trial court and judgment of conviction from justice
court Kriegel seeks to challenge here are not within the contours of that jurisdiction. We,
accordingly, dismiss the appeal for want of jurisdiction.


 
          It is so ordered.


James T. Campbell

Justice