02-10-351-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00351-CV

 

 


 
 
 Whittier Heights Maintenance Association, Inc.; Broughton
 Maintenance Association, Inc.; Leyton Grove
 Maintenance Association, Inc.; and Old Grove Maintenance Association, Inc.
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Colleyville Home Owners’ Rights Association, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 352nd District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

 

I.  Introduction

This
is an interlocutory appeal from a temporary injunction.  Appellee
Colleyville Home Owners’ Rights Association, Inc. (CHORA)
sought and obtained a temporary injunction enjoining Appellants Whittier
Heights Maintenance Association, Inc.; Broughton Maintenance Association, Inc.;
Leyton Grove Maintenance Association, Inc.; and Old
Grove Maintenance Association, Inc. from various actions connected to
Appellants’ assessment, collection, and expenditure of homeowners’ fees on
Appellants’ legal fees in defending a lawsuit against it brought by CHORA.  Appellants perfected this appeal, raising four
issues challenging the temporary injunction.  For the reasons set forth
below, we will affirm the trial court’s temporary injunction.

II.  Factual and Procedural Background

CHORA is
a Texas nonprofit corporation comprised of homeowners, some of whom live in each
of Appellants’ subdivisions.  Each of Appellants’ subdivisions is subject
to a “Declaration of Covenants, Conditions and Restrictions,” (CCRs) and each of the CCRs
includes a section 4.2 that provides substantially as follows,

Purpose of Periodic
Assessment. 
The assessments levied by the Declarant and/or the Maintenance Association
shall be used exclusively for the purpose of promoting the recreation, health,
safety, enjoyment and welfare of the Owners in the use of the Addition, as may
be provided in the Maintenance Association Documents.

 

During
early 2010, CHORA members in the Whittier Heights and
Broughton subdivisions received notices that they would be assessed homeowners’
fees to pay for legal fees in the underlying litigation instituted by CHORA.  Quarterly homeowners’ assessments were
increased substantially, and the increases were identified as necessary to fund
the CHORA defense budget.  CHORA’s
counsel was informed by Appellants’ counsel that Appellants were ready to
commence collection actions on behalf of Appellants concerning any unpaid
homeowners’ assessments.  CHORA filed an
application for injunctive relief to enjoin collection of assessments to fund
Appellants’ legal expenses in the underlying action and to enjoin collection
actions by Appellants to recover assessments from property owners within each
of Appellants’ subdivisions.  The trial court granted a temporary
injunction; Appellants perfected this appeal.

III.  Standard of Review

         
The sole issue presented to a trial court at a temporary injunction hearing is
whether the applicant may preserve the status quo pending trial on the
merits.  Butnaru v. Ford Motor Co., 84 S.W.3d 198,
204 (Tex. 2002); Davis v. Huey, 571 S.W.2d
859, 862 (Tex. 1978).  Whether to grant or deny a temporary
injunction is within the trial court’s sound discretion.  Butnaru, 84 S.W.3d
at 204.

         
A temporary injunction is an extraordinary remedy and will not issue as a
matter of right.  Id.  To obtain a temporary injunction, an
applicant must plead and prove (1) a cause of action against the defendant; (2)
a probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury in the interim.  Id.

On
appeal, we do not review the merits of the underlying case.  Davis,
571 S.W.2d at 861. 
Instead, we determine only whether there has been an abuse of discretion by the
trial court in granting or denying the relief.  Id.
at 862.  In making this determination, we may not substitute our
judgment for that of the trial court unless its decision was so arbitrary that
it exceeded the bounds of reasonableness.  See Butnaru,
84 S.W.3d at 204.

Abuse
of discretion does not exist if the trial court heard conflicting evidence, and
evidence appears in the record that reasonably supports the trial court’s
decision.  Davis, 571 S.W.2d
at 862; CRC–Evans Pipeline Int’l, Inc. v.
Myers, 927 S.W.2d 259, 262 (Tex. App.—Houston
[1st Dist.] 1996, no writ).  A trial court abuses its discretion in
granting or denying a temporary injunction when it misapplies the law to the
established facts.  See State v. Sw. Bell Tel. Co.,
526 S.W.2d 526, 528 (Tex. 1975).  Given
the abuse of discretion standard, we review the evidence submitted to the trial
court in the light most favorable to the court’s ruling, draw all legitimate
inferences from the evidence, and defer to the trial court’s resolution of
conflicting evidence.  See IAC, Ltd. v. Bell Helicopter Textron,
Inc., 160 S.W.3d 191,
196 (Tex. App.—Fort Worth 2005, no pet.).

IV.  Record Supports CHORA’s
Standing

         
In their first issue, Appellants claim that CHORA
lacks standing to bring the underlying action because it fails to meet the
first and third prongs of associational standing set forth in Texas Business
Organizations Code section 252.007(b)(1) and (b)(3).[2]  CHORA
responds that it possesses standing pursuant to section 202.004(b) of the
property code, which provides that “[a] property owners’ association or other
representative designated by an owner of real property may initiate, defend, or
intervene in litigation or an administrative proceeding affecting the
enforcement of a restrictive covenant or the protection, preservation, or
operation of the property covered by the dedicatory instrument.”  Tex.
Prop. Code Ann. § 202.004(b) (Vernon 2007).[3]

         
In the trial court, Appellants filed a “Motion to Dismiss or in the Alternative
Motion to Abate.”  This motion alleges that Appellants seek “a dismissal
based upon Plaintiff’s [CHORA’s] lack of
associational standing pursuant to the test adopted in Tex. Ass’n of Bus. v. Tex. Air Control
Bd. & Water Comm’n, 852 S.W.2d
440, 447 (Tex. 1993), and later codified in chapter 252 of the Texas Business
Organizations Code.”  The order signed by the trial court denying the
motion indicates that the trial court conducted a hearing on the motion on
August 26, 2010 and ruled on the motion “after considering the evidence
submitted by the parties and the arguments of counsel.”  No reporter’s
record from the August 26, 2010 hearing is before us; only the reporter’s
record from the August 19, 2010 temporary injunction hearing is before us.

         
At the temporary injunction hearing, numerous exhibits were admitted into
evidence, including the “Declaration of Covenants, Conditions, and
Restrictions” for each of Appellants’ subdivisions and correspondence and
budgets from Appellants to their members indicating an increase in assessments
to fund Appellants’ defense of the underlying CHORA
litigation.  Additionally, Don Albrecht testified at the temporary
injunction hearing for CHORA.  Albrecht
testified that he is a vice president and board member of CHORA,
as well as a homeowner in one of Appellants’ subdivisions—Whittier
Heights.  As a homeowner in one of Appellants’ subdivisions, Mr. Albrecht
had been billed for a homeowners’ special assessment that was identified as for
Iegal fees, and he did not pay it.  Appellants
did not put on any evidence at the hearing.

Standing
to sue may be predicated upon either statutory or common law authority.  See, e.g., Williams v. Lara, 52 S.W.3d
171, 178–79 (Tex. 2001).  The common law standing rules apply
except when standing is statutorily conferred.  Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984); see also Williams, 52 S.W.3d at 178; In re Sullivan, 157 S.W.3d 911, 915–16 (Tex. App.—Houston [14th Dist.] 2005,
orig. proceeding) (discussing separate “statutory standing criteria”). 
When standing is statutorily conferred, the statute itself serves as the proper
framework for a standing analysis.  Everett v.
TK-Taito, L.L.C., 178 S.W.3d
844, 850–51 (Tex. App.—Fort Worth 2005, no pet.).

It
is clear from the record before us that CHORA
possesses standing to seek a temporary injunction enjoining Appellants’
assessment pursuant to section 4.2 for Appellants’ legal fees and expenses in
the underlying litigation.  The property code specifically authorizes a
property owners’ association or other representative—such as CHORA—designated by an owner of real property to initiate
litigation affecting the enforcement of a restrictive covenant of the
property—like section 4.2—covered by the dedicatory instrument.  See
Tex. Prop. Code Ann. § 202.004(b); accord Hawkins v. Walker, 233 S.W.3d 380, 389 (Tex. App.—Fort Worth 2007, no pet.)
(recognizing that property owners’ association and representative designated by
owner of real property possess standing to sue under property code section
202.004(b) but that individual property owners do not).

Appellants
nonetheless contend that CHORA failed to establish
associational standing as set forth in the business organizations code.  A
fundamental principle of statutory construction is that a specific statute
controls over a more general one.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 901
(Tex. 2000).  Indeed, the government code provides that general and
specific provisions should be construed, if possible, to give effect to both,
but when they cannot be reconciled, the specific provision should
prevail.  See Tex. Gov’t Code Ann. §
311.026 (Vernon Supp. 2010); State v. Alley, 137 S.W.3d
866, 868 (Tex. App.—Houston [1st Dist.] 2004), aff’d,
158 S.W.3d 485 (Tex. 2005).  Because the record
before us establishes CHORA’s standing pursuant to
the more specific requisites of property code section 202.004(b), we need not
address whether in the record before us CHORA also
possesses standing under the more general requirements of the business
organizations code.  See, e.g., Office of Attorney Gen. of Tex.
v. Crawford, 322 S.W.3d 858, 861 (Tex.
App.—Houston [1st Dist.] 2010, pet. filed) (explaining specific statutory
standing prevails over more general standing).

We overrule Appellants’ first issue.

V.  No Derivative
Action Pleaded

 
 In their second issue, Appellants argue that CHORA’s
lawsuit is a veiled attempt to pursue a derivative action against Appellants.
We have reviewed CHORA’s pleadings, and we do not
see, nor have Appellants pointed to, any language, paragraphs, or relief sought
by CHORA that constitutes a derivative action.[4]  We overrule Appellants’ second
issue.

VI.  Joinder
of All
Homeowners in All
of Appellants’


Subdivisions
Not Required

 

         
In their third issue, Appellants argue that the trial court erred by failing to
require the joinder of all homeowners in all of
Appellants’ subdivisions as necessary parties prior to issuance of the
temporary injunction.  To the extent, if any, that all homeowners in all
of Appellants’ subdivisions are necessary parties, the trial court nonetheless
did not err by failing to require their joinder prior
to issuance of the temporary injunction.  See Winslow v. Duval Cnty. Ranch Co., 519 S.W.2d 217, 226 (Tex. Civ.
App.—Beaumont 1975, writ ref’d n.r.e.)
(holding that joinder of
necessary parties not required prior to issuance of a temporary injunction
because rights which need preservation pending final trial could be lost before
all necessary parties could be found and joined).  We overrule Appellants’
third issue.

VII.  CHORA Established Right to Temporary Injunction

In
their fourth issue, Appellants argue that CHORA did
not establish a probable right to recover on its causes of action and a
probable, imminent, and irreparable injury as required to obtain a temporary
injunction.  CHORA pleaded causes of action for
a declaratory judgment concerning “the validity of any given CCR, any amendment to the CCRs,
and any exercise of power pursuant to the CCRs or
other Maintenance Association Documents” and that certain exercises of
discretionary authority by Appellants “are invalid, because they constitute
unreasonable exercises of discretionary authority” pursuant to property code
section 202.004(a).  CHORA requested a temporary
injunction and a receivership.

         
Based on the record before us, viewing all evidence submitted to the trial
court in the light most favorable to the court’s ruling, drawing all legitimate
inferences from the evidence, and deferring to the trial court’s resolution of
any conflicting evidence, we cannot say that the trial court abused its
discretion by granting a temporary injunction.  CHORA
presented evidence––through documents and Albrecht’s testimony––that
Appellants, as property owners’ associations, exercised discretionary authority
concerning a restrictive covenant, namely section 4.2, to assess additional
homeowners’ fees against some CHORA members for
purposes not authorized by Appellants’ “Declaration of Covenants, Conditions
and Restrictions.”  CHORA possesses a statutory
cause of action for an arbitrary, capricious, or discriminatory exercise of
discretionary authority by Appellants, and the evidence shows at least a
probable right by CHORA to the relief it seeks. 
See Tex. Prop. Code Ann. § 202.004(a); accord Brooks v. Expo
Chem. Co., 576 S.W.2d 369, 370 (Tex. 1979)
(explaining that the merits of the underlying case are not presented for
appellate review in an appeal from an order granting or denying a temporary
injunction).  In short, the record before us does not establish that the
trial court abused its discretion by determining that CHORA
showed a probable right to recovery on its section 202.004(a) claim. 
Viewing the record before us under the required deferential standard of review,
it demonstrates that CHORA members had already been
subjected to an assessment by Appellants to fund Appellants’ defense of the
litigation instituted by CHORA.  Appellants’
counsel indicated that collection efforts would commence against all homeowners
who did not pay the assessment.  Based on this evidence, we cannot say
that the trial court abused its discretion by determining that CHORA members would suffer probable, imminent, and
irreparable injury if a temporary injunction was not issued.  The trial
court acted within its discretion by deciding CHORA
was entitled to preserve the status quo pending trial on the merits.  See
Davis, 571 S.W.2d at 862. 
Having found that the record before us supports the two temporary injunction
elements challenged by Appellants, we overrule Appellants’ fourth issue.

VIII.  Conclusion

Having
overruled each of Appellants’ issues, we affirm the judgment of the trial
court.

 

PER CURIAM

 

PANEL: 
WALKER, MCCOY, and GABRIEL, JJ.

 

DELIVERED:  June 2,
2011














[1]See
Tex. R. App. P. 47.4.





[2]Section
252.007(b) provides,

(b) A nonprofit association may assert a claim in its
name on behalf of members of the nonprofit association if:

(1) one or more of the
nonprofit association’s members have standing to assert a claim in their own
right; [and]

. . . .

(3) neither the claim asserted
nor the relief requested requires the participation of a member.

Tex. Bus.
Org. Code Ann. § 252.007(b)(1), (3) (Vernon 2010).





[3]CHORA alternatively argues that it meets the requisites of
associational standing.





[4]Appellants’
statement that CHORA’s pleadings allege wrongs that
negatively impact the association assets is not specific enough for us to
identify any portion of CHORA’s pleading as asserting
a derivative action.