

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00351-CV

WHITTIER HEIGHTS                                                    APPELLANTS
MAINTENANCE ASSOCIATION,
INC.; BROUGHTON
MAINTENANCE ASSOCIATION,
INC.; LEYTON GROVE
MAINTENANCE ASSOCIATION,
INC.; AND OLD GROVE
MAINTENANCE ASSOCIATION,
INC.

V.

COLLEYVILLE HOME OWNERS'                                            APPELLEE
RIGHTS ASSOCIATION, INC.

----------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

## I. INTRODUCTION

This is an interlocutory appeal from a temporary injunction. Appellee Colleyville Home Owners' Rights Association, Inc. (CHORA) sought and obtained a temporary injunction enjoining Appellants Whittier Heights Maintenance Association, Inc.; Broughton Maintenance Association, Inc.; Leyton Grove Maintenance Association, Inc.; and Old Grove Maintenance Association, Inc. from various actions connected to Appellants' assessment, collection, and expenditure of homeowners' fees on Appellants' legal fees in defending a lawsuit against it brought by CHORA. Appellants perfected this appeal, raising four issues challenging the temporary injunction. For the reasons set forth below, we will affirm the trial court's temporary injunction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

CHORA is a Texas nonprofit corporation comprised of homeowners, some of whom live in each of Appellants' subdivisions. Each of Appellants' subdivisions is subject to a "Declaration of Covenants, Conditions and Restrictions," (CCRs) and each of the CCRs includes a section 4.2 that provides substantially as follows,

> Purpose of Periodic Assessment. The assessments levied by the Declarant and/or the Maintenance Association shall be used exclusively for the purpose of promoting the recreation, health, safety, enjoyment and welfare of the Owners in the use of the Addition, as may be provided in the Maintenance Association Documents.

During early 2010, CHORA members in the Whittier Heights and Broughton subdivisions received notices that they would be assessed homeowners' fees to pay for legal fees in the underlying litigation instituted by CHORA. Quarterly homeowners' assessments were increased substantially, and the increases were identified as necessary to fund the CHORA defense budget. CHORA's counsel was informed by Appellants' counsel that Appellants were ready to commence collection actions on behalf of Appellants concerning any unpaid homeowners' assessments. CHORA filed an application for injunctive relief to enjoin collection of assessments to fund Appellants' legal expenses in the underlying action and to enjoin collection actions by Appellants to recover assessments from property owners within each of Appellants' subdivisions. The trial court granted a temporary injunction; Appellants perfected this appeal.

## III. STANDARD OF REVIEW

The sole issue presented to a trial court at a temporary injunction hearing is whether the applicant may preserve the status quo pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru*, 84 S.W.3d at 204.

A temporary injunction is an extraordinary remedy and will not issue as a matter of right. *Id*. To obtain a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the

relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id*.

On appeal, we do not review the merits of the underlying case. *Davis*, 571 S.W.2d at 861. Instead, we determine only whether there has been an abuse of discretion by the trial court in granting or denying the relief. *Id*. at 862. In making this determination, we may not substitute our judgment for that of the trial court unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *See Butnaru*, 84 S.W.3d at 204.

Abuse of discretion does not exist if the trial court heard conflicting evidence, and evidence appears in the record that reasonably supports the trial court's decision. *Davis*, 571 S.W.2d at 862; *CRC–Evans Pipeline Int'l, Inc. v. Myers*, 927 S.W.2d 259, 262 (Tex. App.—Houston [1st Dist.] 1996, no writ). A trial court abuses its discretion in granting or denying a temporary injunction when it misapplies the law to the established facts. *See State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975). Given the abuse of discretion standard, we review the evidence submitted to the trial court in the light most favorable to the court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence. *See IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 196 (Tex. App.—Fort Worth 2005, no pet.).

## IV. RECORD SUPPORTS CHORA'S STANDING

In their first issue, Appellants claim that CHORA lacks standing to bring the underlying action because it fails to meet the first and third prongs of

4

associational standing set forth in Texas Business Organizations Code section 252.007(b)(1) and (b)(3).[2] CHORA responds that it possesses standing pursuant to section 202.004(b) of the property code, which provides that "[a] property owners' association or other representative designated by an owner of real property may initiate, defend, or intervene in litigation or an administrative proceeding affecting the enforcement of a restrictive covenant or the protection, preservation, or operation of the property covered by the dedicatory instrument." Tex. Prop. Code Ann. § 202.004(b) (Vernon 2007).[3]

In the trial court, Appellants filed a "Motion to Dismiss or in the Alternative Motion to Abate." This motion alleges that Appellants seek "a dismissal based upon Plaintiff's [CHORA's] lack of associational standing pursuant to the test adopted in *Tex. Ass'n of Bus. v. Tex. Air Control Bd. & Water Comm'n*, 852

---

[2]Section 252.007(b) provides,

> (b) A nonprofit association may assert a claim in its name on behalf of members of the nonprofit association if:

> (1) one or more of the nonprofit association's members have standing to assert a claim in their own right; [and]

> . . . .

> (3) neither the claim asserted nor the relief requested requires the participation of a member.

Tex. Bus. Org. Code Ann. § 252.007(b)(1), (3) (Vernon 2010).

[3]CHORA alternatively argues that it meets the requisites of associational standing.

S.W.2d 440, 447 (Tex. 1993), and later codified in chapter 252 of the Texas Business Organizations Code." The order signed by the trial court denying the motion indicates that the trial court conducted a hearing on the motion on August 26, 2010 and ruled on the motion "after considering the evidence submitted by the parties and the arguments of counsel." No reporter's record from the August 26, 2010 hearing is before us; only the reporter's record from the August 19, 2010 temporary injunction hearing is before us.

At the temporary injunction hearing, numerous exhibits were admitted into evidence, including the "Declaration of Covenants, Conditions, and Restrictions" for each of Appellants' subdivisions and correspondence and budgets from Appellants to their members indicating an increase in assessments to fund Appellants' defense of the underlying CHORA litigation. Additionally, Don Albrecht testified at the temporary injunction hearing for CHORA. Albrecht testified that he is a vice president and board member of CHORA, as well as a homeowner in one of Appellants' subdivisions—Whittier Heights. As a homeowner in one of Appellants' subdivisions, Mr. Albrecht had been billed for a homeowners' special assessment that was identified as for legal fees, and he did not pay it. Appellants did not put on any evidence at the hearing.

Standing to sue may be predicated upon either statutory or common law authority. *See, e.g.*, *Williams v. Lara*, 52 S.W.3d 171, 178–79 (Tex. 2001). The common law standing rules apply except when standing is statutorily conferred. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984); *see also Williams*, 52 S.W.3d at

6

178; *In re Sullivan*, 157 S.W.3d 911, 915–16 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding) (discussing separate "statutory standing criteria"). When standing is statutorily conferred, the statute itself serves as the proper framework for a standing analysis. *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 850–51 (Tex. App.—Fort Worth 2005, no pet.).

It is clear from the record before us that CHORA possesses standing to seek a temporary injunction enjoining Appellants' assessment pursuant to section 4.2 for Appellants' legal fees and expenses in the underlying litigation. The property code specifically authorizes a property owners' association or other representative—such as CHORA—designated by an owner of real property to initiate litigation affecting the enforcement of a restrictive covenant of the property—like section 4.2—covered by the dedicatory instrument. *See* Tex. Prop. Code Ann. § 202.004(b); *accord Hawkins v. Walker*, 233 S.W.3d 380, 389 (Tex. App.—Fort Worth 2007, no pet.) (recognizing that property owners' association and representative designated by owner of real property possess standing to sue under property code section 202.004(b) but that individual property owners do not).

Appellants nonetheless contend that CHORA failed to establish associational standing as set forth in the business organizations code. A fundamental principle of statutory construction is that a specific statute controls over a more general one. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex. 2000). Indeed, the government code provides that general and

7

specific provisions should be construed, if possible, to give effect to both, but when they cannot be reconciled, the specific provision should prevail. *See* Tex. Gov't Code Ann. § 311.026 (Vernon Supp. 2010); *State v. Alley*, 137 S.W.3d 866, 868 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 158 S.W.3d 485 (Tex. 2005). Because the record before us establishes CHORA's standing pursuant to the more specific requisites of property code section 202.004(b), we need not address whether in the record before us CHORA also possesses standing under the more general requirements of the business organizations code. *See, e.g.*, *Office of Attorney Gen. of Tex. v. Crawford*, 322 S.W.3d 858, 861 (Tex. App.— Houston [1st Dist.] 2010, pet. filed) (explaining specific statutory standing prevails over more general standing).

We overrule Appellants' first issue.

## V. NO DERIVATIVE ACTION PLEADED

In their second issue, Appellants argue that CHORA's lawsuit is a veiled attempt to pursue a derivative action against Appellants. We have reviewed CHORA's pleadings, and we do not see, nor have Appellants pointed to, any language, paragraphs, or relief sought by CHORA that constitutes a derivative action.[4] We overrule Appellants' second issue.

---

[4] Appellants' statement that CHORA's pleadings allege wrongs that negatively impact the association assets is not specific enough for us to identify any portion of CHORA's pleading as asserting a derivative action.

8

## VI. Joinder of All Homeowners in All of Appellants' Subdivisions Not Required

In their third issue, Appellants argue that the trial court erred by failing to require the joinder of all homeowners in all of Appellants' subdivisions as necessary parties prior to issuance of the temporary injunction. To the extent, if any, that all homeowners in all of Appellants' subdivisions are necessary parties, the trial court nonetheless did not err by failing to require their joinder prior to issuance of the temporary injunction. *See Winslow v. Duval Cnty. Ranch Co.*, 519 S.W.2d 217, 226 (Tex. Civ. App.—Beaumont 1975, writ ref'd n.r.e.) (holding that joinder of necessary parties not required prior to issuance of a temporary injunction because rights which need preservation pending final trial could be lost before all necessary parties could be found and joined). We overrule Appellants' third issue.

## VII. CHORA Established Right to Temporary Injunction

In their fourth issue, Appellants argue that CHORA did not establish a probable right to recover on its causes of action and a probable, imminent, and irreparable injury as required to obtain a temporary injunction. CHORA pleaded causes of action for a declaratory judgment concerning "the validity of any given CCR, any amendment to the CCRs, and any exercise of power pursuant to the CCRs or other Maintenance Association Documents" and that certain exercises of discretionary authority by Appellants "are invalid, because they constitute unreasonable exercises of discretionary authority" pursuant to property code

9

section 202.004(a). CHORA requested a temporary injunction and a receivership.

Based on the record before us, viewing all evidence submitted to the trial court in the light most favorable to the court's ruling, drawing all legitimate inferences from the evidence, and deferring to the trial court's resolution of any conflicting evidence, we cannot say that the trial court abused its discretion by granting a temporary injunction. CHORA presented evidence—through documents and Albrecht's testimony—that Appellants, as property owners' associations, exercised discretionary authority concerning a restrictive covenant, namely section 4.2, to assess additional homeowners' fees against some CHORA members for purposes not authorized by Appellants' "Declaration of Covenants, Conditions and Restrictions." CHORA possesses a statutory cause of action for an arbitrary, capricious, or discriminatory exercise of discretionary authority by Appellants, and the evidence shows at least a probable right by CHORA to the relief it seeks. *See* Tex. Prop. Code Ann. § 202.004(a); *accord Brooks v. Expo Chem. Co.*, 576 S.W.2d 369, 370 (Tex. 1979) (explaining that the merits of the underlying case are not presented for appellate review in an appeal from an order granting or denying a temporary injunction). In short, the record before us does not establish that the trial court abused its discretion by determining that CHORA showed a probable right to recovery on its section 202.004(a) claim. Viewing the record before us under the required deferential standard of review, it demonstrates that CHORA members had already been

10

subjected to an assessment by Appellants to fund Appellants' defense of the litigation instituted by CHORA. Appellants' counsel indicated that collection efforts would commence against all homeowners who did not pay the assessment. Based on this evidence, we cannot say that the trial court abused its discretion by determining that CHORA members would suffer probable, imminent, and irreparable injury if a temporary injunction was not issued. The trial court acted within its discretion by deciding CHORA was entitled to preserve the status quo pending trial on the merits. *See Davis*, 571 S.W.2d at 862. Having found that the record before us supports the two temporary injunction elements challenged by Appellants, we overrule Appellants' fourth issue.

## VIII. CONCLUSION

Having overruled each of Appellants' issues, we affirm the judgment of the trial court.

PER CURIAM

PANEL: WALKER, MCCOY, and GABRIEL, J.J.

DELIVERED: June 2, 2011