# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00777-CR

---

**Gabryelle Daniels, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM JUSTICE OF THE PEACE COURT, PRECINCT 2, CORYELL COUNTY
NO. E00E459-1, THE HONORABLE BILL PRICE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Gabryelle Daniels, acting pro se, filed a notice of appeal from a conviction for a traffic violation in a Justice of the Peace Court in Coryell County, Texas.[1]  The criminal appellate jurisdiction vested in this Court by the Texas Constitution and the Code of Criminal Procedure is limited to counties in this Court's appellate district.  *See* Tex. Const., art. V, § 6 (providing that courts of appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County

---

[1] We note that an appeal from a justice court must be to the county court.  *See* Tex. Code Crim. Proc. arts. 4.08 ("The county courts shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction."), 45A.202 ("An appeal from a justice or municipal court . . . shall be heard by the county court or, if the county court has no jurisdiction over the case, the proper court in the county."); Tex. Gov't Code § 26.046 ("A county court has appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction."); *State v. Alley*, 158 S.W.3d 485, 488 (Tex. Crim. App. 2005) (noting that article 4.08 establishes "that appeals from a justice court must be taken to the county court").

Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Code Crim. Proc. arts. 4.01 (establishing criminal jurisdiction in criminal actions in courts of appeals), .03 (providing that courts of appeals "shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed"). Coryell County lies outside this Court's appellate district. *Compare* Tex. Gov't Code § 22.201(d) (listing twenty-four counties in Third Court's district), with *id.* § 22.201(k) (including Coryell County in list of counties in Tenth Court's district). Because Coryell County is outside the boundaries of our district, we lack appellate jurisdiction in this matter, and we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *see also Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (listing section 22.201 of Government Code among examples of laws that establish jurisdiction of courts of appeals).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed: October 14, 2025

Do Not Publish

2